JOSEPH GARNETT *vs.* MARY E. GARNETT.

The fact that both parties were insane when a petition was filed under St. 1873, *c.* 371, § 3, (which provides that an absolute divorce may be decreed upon the petition of one divorced *nisi,*) is not a conclusive reason for dismissing the petition; and the fact that the divorce *nisi* was obtained while they were sane, does not make it a matter of course that an absolute divorce should be granted; and a statement of facts agreed by the guardians, does not free the court from its duty to dispose of the case as public policy and the interests of the parties require.

PETITION filed at October term, 1873, under St. 1873, *c.* 371, § 3, for an absolute divorce from the bond of matrimony. The case was submitted to the court upon an agreed statement of facts, as follows:

The petitioner and the respondent were duly married to each other May 10, 1865, and thereafter lived together, as husband and wife, in the county of Middlesex. At April term, 1873, of this court, the petitioner duly obtained a decree of divorce *nisi,* under St. 1870, *c.* 404, from the bond of matrimony, from the respondent, for cruel and abusive treatment, and for gross and confirmed habits of intoxication, contracted since said marriage. Since this decree *nisi,* the parties have not lived together. Both

parties are under guardianship, as insane persons. George Ste-
vens, the counsel for the petitioner, is his guardian; and Charles
Cowley, the counsel for the respondent, is her guardian. Both
were duly appointed by the judge of probate, for the county of
Middlesex, since the decree *nisi*, and before the bringing of this
petition. These guardians were duly appointed guardians *ad
litem* for their respective clients, in this proceeding. If, upon
the foregoing facts, the court are of opinion that the petition can
be maintained, then the decree is to be made absolute, and the
case is to stand for such other decrees upon the petition as may
be proper; otherwise, the petition is to be dismissed without
prejudice.

*G. Stevens*, for the petitioner.

*C. Cowley*, for the respondent.

GRAY, C. J. By the law of this Commonwealth, a libel for
divorce may be filed and prosecuted in behalf of an insane person,
either by the guardian of the party, or by a next friend appointed
by the court for the purpose. Rev. Sts. *c.* 76, § 12, and Commis-
sioners' note. Gen. Sts. *c.* 107, § 16. *Denny* v. *Denny*, 8 Allen,
311. And if, at any time during the pendency of the suit, the
respondent is insane, whether such insanity began before or since
the filing of the libel, the defence may be conducted by a guar-
dian appointed by the Probate Court, or, if there is no such
guardian, by one appointed by the court in which the libel is
pending; and if upon a hearing sufficient cause is shown, a di-
vorce may be decreed. *Broadstreet* v. *Broadstreet*, 7 Mass. 474.
*Mansfield* v. *Mansfield*, 13 Mass. 412. Rev. Sts. *c.* 76, § 18, and
Commissioners' note. *Little* v. *Little*, 13 Gray, 264. Gen. Sts. *c.*
107, § 21. The fact, if satisfactorily established, that both parties
.vere insane when the present petition was filed, therefore affords
no conclusive reason for dismissing it.

A divorce *nisi* under the St. of 1870, *c.* 404, is substantially
equivalent to a divorce from bed and board, and does not dissolve
the marriage; and an application, by a party who has obtained
such a divorce, for a divorce from the bonds of matrimony, is a
new proceeding, requiring notice to the adverse party, and a
hearing by the court. *Graves* v. *Graves*, 108 Mass. 314. *Edgerly*

v. *Edgerly*, 112 Mass. 53. St. 1873, *c.* 371, § 3. The fact that, while both parties were of sound mind, a divorce *nisi* was obtained does not therefore require the court, as a matter of course, to enter an absolute decree of divorce from the bond of matrimony after either or both of the parties have become insane.

But the facts agreed in the case stated are not sufficient to enable the court to enter a final decree, either granting or refusing the divorce prayed for. Being under guardianship as an insane person is but *primâ facie* evidence of actual insanity. *Stone* v *Damon*, 12 Mass. 488. *Breed* v. *Pratt*, 18 Pick. 115. *Crownin shield* v. *Crowninshield*, 2 Gray, 524. *Little* v. *Little*, 13 Gray, 264. Even a person who is incapable of managing property, or of transacting the ordinary affairs of life, or of contracting a valid marriage, may yet have feelings and interests entitled to serious consideration in determining whether the *status* and relation of marriage shall or shall not continue. *Winslow* v. *Winslow*, 7 Mass. 96. *Middleborough* v. *Rochester*, 12 Mass. 363. *Holyoke* v. *Haskins*, 5 Pick. 20, 26. *Allis* v. *Morton*, 4 Gray, 63. The nature and degree and probable duration of the insanity of either party may have an important bearing upon the questions whether the hearing of the case shall be postponed and how it shall be decided. The difficulty of ascertaining the real facts, when either party is incapable of testifying or of instructing counsel, requires the court to proceed with the utmost caution, especially when the object of the suit is to obtain a complete dissolution of the marriage without the intelligent consent of the libellant. The agreement of guardians or of counsel to submit the case to a final determination upon an imperfect statement of the facts cannot relieve the court from the responsibility of considering what course public policy and the best interests of the parties require to be pursued. The case must therefore stand for

*Further hearing.**

---

* See *Mordaunt* v. *Moncreiffe*, L. R. 2 H. L. Sc. 374.