## CLARA COWAN *vs.* GEORGE H. COWAN.

Norfolk.    March 3. — May 11, 1885.    W. ALLEN, COLBURN, & HOLMES,
JJ., absent.

The parties to a marriage, which took place in 1875, lived together about six weeks, when the husband deserted his wife, without cause, and did not afterwards live with her or contribute to her support. After the husband left, the wife's reason and understanding began to fail; and, in 1883, she was placed under guardianship as an insane person. In 1884, her guardian filed, in her behalf, a libel for divorce on the ground of desertion. This libel was filed at the request of the next of kin of the libellant, and their principal reason for desiring the divorce was that the husband's interest in property, which the wife had inherited after the desertion began, might be cut off. At the time of filing the libel, and at the hearing, the wife's state of mind was such that she had no rational wish or opinion on any subject. *Held*, that these facts would warrant a decree in favor of the libellant.

LIBEL for divorce, on the ground of desertion, filed January 16, 1884, and brought by an insane person, by her guardian. The libel alleged the time of desertion to be on or about January 15, 1876, and that the desertion had continued from that time to the filing of the libel. Service was made by publication, but the libellee did not appear.

At the hearing, before *Devens*, J., the libellant did not appear as a witness, her physicians having advised that, on account of her mental condition, she should not be brought into court to testify. The sisters of the libellee were represented by counsel, who was allowed to act as *amicus curiæ.*

The evidence introduced by the libellant tended to prove the following facts:

The parties were married on November 29, 1875, and lived together about six weeks at Brookline, Massachusetts, at the house of the libellant's father, the libellee not contributing in any way towards her support. The libellee then disappeared, and has never returned. He gave no notice of his intention to leave his wife, and no reason or explanation of his so doing, and has never since attempted to see or communicate with her in any way, and has contributed nothing in any way towards her support. Until within the last two months she has lived in Brookline with her father and brother, and very near to the residence of the libellee's sisters. Several times within the last seven years the libellee has been in Brookline or the adjoining

towns, but has never been seen by the libellant or by her relatives. The libellant, upon her father's death in 1882, inherited considerable property. After the husband's disappearance, the wife's reason and understanding began to fail, and she was placed under guardianship as an insane person, by a decree of the Probate Court for Norfolk county, on May 2, 1883. After the husband's disappearance, she resided with her father until his death, in December, 1882. The mental condition of the libellant is now such that she has no rational or settled wishes or opinions, and cannot think or converse clearly or correctly on any subject. Before his death, the father of the libellant took some action in the libellant's behalf towards obtaining a divorce, and the present proceedings are brought with the approval and at the request of the brother and sister of the libellant, who are her nearest of kin, except a half-brother who is under guardianship as an insane person; and, while they deemed their sister to have been cruelly treated by the libellee, their principal reason for desiring the divorce was, that any claim on the estate of the wife by the libellee, as husband, should she decease, might be cut off thereby.

The judge, being in doubt whether the court should grant a divorce upon the above facts, reported the case for the decision of the full court. If, in the opinion of the court, the above facts would, if proved, be sufficient to entitle her to a divorce, a decree of divorce was to be entered in favor of the libellant, on account of the libellee's desertion; otherwise, the libel to be dismissed without prejudice.

*H. L. Harding*, for the libellant.

No counsel appeared for the libellee.

FIELD, J. The libellant was, at the time the libel was signed and filed, and ever since has been, under guardianship as an insane person, and actually insane. The argument against granting the divorce is, that the wife has no wish to obtain a divorce, as she is incapable of having any actual wishes or opinions; and that the court ought not to grant a divorce at the request of her relatives and guardian, because they think it would be beneficial to her to obtain a divorce, on the ground that her husband might thus be prevented from interfering with or ultimately sharing in her property.

That the court has the power to grant a divorce, on the petition of the guardian of an insane person, is clear. Pub. Sts. *c.* 146, § 7. *Garnett* v. *Garnett*, 114 Mass. 379. There is no suggestion that the insanity of the libellant is temporary, or that she is likely at any time hereafter to be in such a condition of mind that her wishes and feelings can be ascertained; and there are no children. The libellee does not appear. The facts proved show a gross case of utter desertion. The libellant has considerable property inherited from her father nearly seven years after the desertion began. We think the facts show a case in which the court can properly now exercise the power it has, and that neither public policy nor the interests of the parties require a continuance of the libel. See *Baker* v. *Baker*, 5 P. D. 142, and 6 P. D. 12.

In accordance with the terms of the report, a divorce *nisi* from the bonds of matrimony must be                          *Decreed.*