HELEN MANAZIR *vs.* GABRIEL N. DAHOOD.

Suffolk. November 14, 1938. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Equity Pleading and Practice*, Decree, Bill.

Under a bill in equity whose averments were in substance that the defendant fraudulently had delivered to the plaintiff, an illiterate woman, a note incorrectly drawn for a less amount than that due on a note

which she then gave back to him and that she had sought in vain for payment of the amount due her, with prayers for reform of the later note and for payment of the amount due her, a warranted finding and ruling that the note she gave back was not discharged by the later note, stated by the judge to be "void", justified a decree directing payment to the plaintiff of the sum due on the earlier note and interest.

BILL IN EQUITY, filed in the Superior Court on October 9, 1936, and afterwards amended.

The suit was heard by *Brogna*, J.

*L. Goldberg*, for the defendant.

*A. E. Lamb*, for the plaintiff.

DOLAN, J.   This is an appeal from a decree entered in the Superior Court on the plaintiff's amended bill of complaint, the allegations of which are in substance as follows:

Prior to 1933 the plaintiff was for a long time in the employ of the defendant.   During that period she lent the defendant the sum of $500, for which he gave her a note. Thereafter the defendant paid the plaintiff $200 on account, and in 1932 gave her a new note for the balance of $300 and "took back" his note for $500.   In October, 1933, or thereabouts, "on a week day and not on a Sunday, the defendant received from the plaintiff the $300.00 note . . . and . . . , on the same day, made and delivered a note payable to the plaintiff," a copy of which is attached to the bill of complaint.

It is further alleged in the bill that through error, mistake, inadvertence or the fraud of the defendant, the note was dated on a Sunday, when in fact it was not made or executed on a Sunday;   that it was incorrectly drafted, the sum payable being written as "three and no/100 dollars," whereas the amount owed by the defendant to the plaintiff "was, and is" $300 as stated in figures in the note;   that it had been agreed between the plaintiff and the defendant that the note was to bear interest, but no provision was inserted therein for the payment of interest;   that the plaintiff was and always had been unable to read or write, and for a long time after the execution of the note did not know of the errors and omissions in the note;   that the

defendant in 1933 and for a long time prior thereto knew of this inability on the plaintiff's part; that the plaintiff relied upon him to insert the correct date, amount and provision for the payment of interest; and that she had repeatedly sought payment of the balance due her, but that the defendant had neglected and refused to make payment of the whole or any portion thereof.

The specific prayers of the bill are that it be decreed that the note be reformed to state the proper amount in writing and the correct date, and by inserting a provision for the payment of interest; that it be further decreed that the defendant owes the plaintiff the sum of $300 with interest thereon; and that "Judgment be entered for . . . [her] against the defendant" in that sum with interest and costs. These prayers are followed by a prayer for general relief, which "is in legal effect a part of every bill." *Bleck* v. *East Boston Co., ante*, 127.

The judge filed a statement of "Findings, Rulings and Order for Decree." In accordance with the order for entry of decree therein contained, final decree was entered "that the defendant owes the plaintiff the sum of three hundred dollars ($300.00), with interest thereon from October 1, 1933, in the sum of eighty-two and 40/100 dollars ($82.40), and that execution issue in favor of the plaintiff against the defendant in the sum of three hundred eighty-two and 40/100 dollars ($382.40), together with costs in the sum of $19 25/100."

The evidence is not reported. The judge did not state that the findings made by him "were all of the findings upon which he based his decree, and there is nothing in their form to indicate that he intended them as such. Apparently . . . [the] findings were made voluntarily and not as a report of 'the material facts found by him' . . . . The entry of the decree . . . [imports] a finding of every fact essential to sustain it and within the scope of the pleadings." *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561–562, and cases cited.

The defendant's contention, however, is that if the plaintiff is not entitled to have the note reformed, the judge

having found that the note was void,* she is not entitled to any relief in these proceedings, and that the prayers of the bill, whether for specific or general relief, cannot support a decree which goes beyond the stating part of the bill. It is true that relief is predicated ordinarily upon the allegations of fact in the bill and not upon its prayers. The judge was not limited by any one of the specific prayers of the bill, and had authority to decree appropriate relief on its material allegations which were supported by any evidence he might have received, and which relief was not inconsistent with specific relief prayed for. *Alden Bros. Co.* v. *Dunn,* 264 Mass. 355, 363. *North Easton Co-operative Bank* v. *MacLean,* 300 Mass. 285, 295. *Bleck* v. *East Boston Co., ante,* 127, and cases cited. It appears from the allegations of the bill that its plain and ultimate purpose was to establish the indebtedness of the defendant to the plaintiff, and to secure its satisfaction. The relief granted was within the scope of the stating part of the bill and was consistent with the specific prayers for establishment of the debt and payment thereof.

The decree, however, should be modified by inserting an order that the defendant pay to the plaintiff the amounts therein set forth as owed by the defendant to her, with interest and costs (*Malloy* v. *Carroll,* 287 Mass. 376, 391, *Rudnick* v. *Rudnick,* 281 Mass. 205, 208), and by striking therefrom the order for execution which is unnecessary under Rule 83 of the Superior Court (1932). As so modified it is

*Affirmed with costs.*

---

* This contention is based on the following finding and ruling by the judge: "I find and rule that the 1932 note was not discharged by the plaintiff by accepting in its place the void note dated October 1, 1933." — REPORTER.