HENRY COHN *vs.* ANNE LEE CARLISLE COHN.

Franklin. September 17, 1941. — October 30, 1941.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Probate Court,* Plea in abatement, Decree, Appeal, Parties, Libel, Jurisdiction, Notice, Waiver. *Marriage and Divorce,* Annulment, Libel. *Error,* Whether error shown. *Conservator. Insane Person. Waiver. Jurisdiction,* Over the person, Annulment of marriage, Objection to jurisdiction.

A decree of a Probate Court merely that a plea in abatement to a libel for annulment of marriage be "dismissed" left it doubtful whether allegations in the plea were insufficient in point of law or were not proved in point of fact.

On appeal from a decree of a Probate Court without a report of the evidence, the appellant failed to show error on the part of the judge in not finding certain facts alleged by the appellant.

Under G. L. (Ter. Ed.) c. 207, § 14; c. 208, § 7, a libel for annulment of marriage was properly brought in the name of an insane person by his conservator, who had been admitted by the Probate Court to file and prosecute the libel as next friend.

Cohabitation of the parties as husband and wife in this Commonwealth is not a necessary element of jurisdiction of a court here over proceedings under G. L. (Ter. Ed.) c. 207, § 14, for annulment of a marriage.

A libellee who had appeared specially in a Probate Court to challenge the jurisdiction of the court by a plea in abatement, not based on alleged insufficient service, and afterwards had participated in a hearing on issues raised by the plea, one of which went to the merits of the case,

could not contend for the first time in this court on appeal that service of the citation had been insufficient.

A decree of a Probate Court adjudicating a marriage void was not beyond the scope of the libel, which, although imperfectly expressed, in substance stated grounds for and sought that relief.

LIBEL, filed in the Probate Court for the county of Franklin on November 8, 1940.

The case was heard by *Thompson,* J.

*J. W. Mead,* for the libellee.

*J. T. Bartlett,* for the libellant.

RONAN, J. In accordance with leave granted by the Probate Court of Franklin County to the conservator of Henry Cohn, a libel praying for the annulment of a marriage between said Cohn and the libellee, a resident of the State of New York, was filed by the said conservator as next friend of his ward, G. L. (Ter. Ed.) c. 208, § 7, which alleged that the ward was insane when he went through the form of marriage with the libellee at Hartford, in the State of Connecticut, on September 7, 1940. G. L. (Ter. Ed.) c. 207, § 14. A plea in abatement filed by the libellee was "dismissed." The Probate Court, after a hearing, found that the ward was a resident of, and domiciled in, Greenfield in this Commonwealth at the time of the marriage, that he was then insane and was incapable of contracting a valid marriage under the laws of the State of Connecticut where the purported marriage took place, and entered a decree adjudicating the said marriage to be void. The libellee appealed from the order dismissing the plea in abatement and from the final decree.

The plea in abatement challenged the jurisdiction of the court on the grounds that the libellee was a resident of the State of New York and was duly married to the libellant at Hartford, Connecticut; that the libel was not brought by the libellant; and that the parties had not lived together as husband and wife in this Commonwealth. The plea contained prayers for a dismissal of the libel without a hearing on the merits, for an allowance for support, expenses and costs without "waiving this plea in abatement." The libellant did not object to the form of the plea and we deal

with it as did the parties and the judge as raising the issues that it presented. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503. *Becker* v. *Zarkin,* 292 Mass. 359. *Moran* v. *Manning,* 306 Mass. 404. The record simply shows that the plea was "dismissed" after a hearing. This was not an adequate description of the decision of the court, and we do not know whether the plea was adjudged insufficient in point of law and therefore was overruled, or whether the allegations of fact were not proved and the plea was adjudged disproved for that reason. We do not know what evidence was introduced and the libellee does not show that the judge committed any error in failing to find that any of the allegations of fact contained in the plea had been proved. *Abbott* v. *Bean,* 295 Mass. 268. *Moran* v. *Manning,* 306 Mass. 404.

In the next place, there was no error in dismissing the plea as insufficient upon every question of law that it raised. The libel was brought in the name of the libellant by a person purporting to be his conservator, who was admitted by the Probate Court to file and prosecute the libel as the next friend of the libellant. Proceedings at law and in equity in behalf of a person incapable of bringing an action or a suit may be brought in his name by his guardian, conservator, or next friend. See G. L. (Ter. Ed.) c. 201, §§ 20, 37; *Lombard* v. *Morse,* 155 Mass. 136; *Taylor* v. *Lovering,* 171 Mass. 303; *Elder* v. *Adams,* 180 Mass. 303; *Chase* v. *Faulkner,* 307 Mass. 404. A libel for a divorce may be signed in behalf of a minor or an insane person by his guardian or by a person who is authorized by the Probate Court to prosecute the libel as his next friend. G. L. (Ter. Ed.) c. 208, § 7. *Garnett* v. *Garnett,* 114 Mass. 379. *Cowan* v. *Cowan,* 139 Mass. 377. Similar procedure applies to libels for nullity by virtue of G. L. (Ter. Ed.) c. 207, § 14, which expressly provides that all provisions of G. L. (Ter. Ed.) c. 208 relative to libels for divorce in so far as appropriate shall apply to libels for nullity of marriage.

The libel alleges and the plea sets forth that the parties have not lived together as husband and wife in this Commonwealth. The jurisdiction of the Probate Court to hear

and determine libels for nullity of marriage is conferred by G. L. (Ter. Ed.) c. 207, § 14, if the libellant was domiciled in this Commonwealth at the time of the marriage and also when the libel was filed if the marriage was solemnized out of the Commonwealth, or if he has resided here for five years last preceding the filing of the libel unless he moved into this Commonwealth for the purpose of obtaining a decree of nullity. Jurisdiction is not dependent upon the place where the parties have cohabited as husband and wife. We cannot read into the section that requirement although such cohabitation with certain exceptions is necessary to give the court jurisdiction over libels for divorce. G. L. (Ter. Ed.) c. 208, §§ 4, 5. The objection in the plea that the parties did not live here as husband and wife was insufficient as matter of law to sustain the plea. We cannot add a provision to a statute which the Legislature did not deem expedient to embody therein. *Arruda* v. *Director General of Railroads*, 251 Mass. 255. *Porter* v. *Sorell*, 280 Mass. 457. *Fluet* v. *McCabe*, 299 Mass. 173. *Hite* v. *Hite*, 301 Mass. 294.

At the argument before this court, the libellee urged that service by mail and publication was insufficient. That point was not raised by the plea in abatement and does not appear to have been urged in the Probate Court. Questions of jurisdiction of a court over the subject matter or the parties may be raised at any stage of the proceedings. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489. *Hull* v. *Belmont*, 309 Mass. 274. It would be strange if a libellee after an unsuccessful attempt to prove the validity of a marriage could then question a decree adjudicating its invalidity for the reason that the service of process summoning her to appear was defective. A defendant cannot for the first time complain of defective service of process after he has participated in a hearing upon the merits. *Seagrave* v. *Erickson*, 11 Cush. 89. *McManus* v. *Thing*, 208 Mass. 55. *Phillips* v. *Suffolk Savings Bank*, 219 Mass. 597. *Dindio* v. *Meshaka*, 275 Mass. 112. *Bateman* v. *Wood*, 297 Mass. 483, 486. See Beale, Conflict of Laws, § 82.3. We need not decide whether the same result would follow from

her action in invoking the jurisdiction of the court for the purpose of making an order for her support. *Merchants Heat & Light Co.* v. *J. B. Clow & Sons*, 204 U. S. 286. *Alexander* v. *Hillman*, 296 U. S. 222.

The libellee finally contends that the decree declaring the marriage void was beyond the "scope" of the libel. Upon an appeal from a final decree without any report of the evidence or a report of the material facts, the only question is whether the decree is within the pleadings and could be supported upon any evidence that the judge might have heard. *Brogna* v. *Commissioner of Banks*, 248 Mass. 241. *Abeloff* v. *Peacard*, 272 Mass. 56. It would have been appropriate to have alleged in the libel the fact that the libellant was domiciled at Greenfield at the time of the marriage. While the cause of action was somewhat imperfectly stated, yet it is apparent that the purpose and scope of the libel were to secure an adjudication of nullity of the marriage which was solemnized in Connecticut, and the decree granting the only relief that was sought by the libel cannot be said to be beyond the frame of the libel. *Milne* v. *Walsh*, 285 Mass. 151. *North Easton Co-operative Bank* v. *MacLean*, 300 Mass. 285. *Manazir* v. *Dahood*, 302 Mass. 290.

The order relating to the plea in abatement, which we regard as an interlocutory decree, and the final decree must be affirmed.

*Ordered accordingly.*