5 So.2d 401
**CAMPBELL v. CAMPBELL.**
**5 Div. 349.**

Supreme Court of Alabama.

Dec. 4, 1941.

Rehearing Denied Jan. 15, 1942.

Gerald & Gerald, of Clanton, for appellant.

142

G. C. Walker, of Clanton, and Huddleston & Jones, of Wetumpka, for appellee.

BROWN, Justice.

This is a bill by a non compos mentis husband against his wife, filed prochein ami, for divorce on the ground that she had committed adultery since the marriage, and in the alternative, for dissolution of the marriage on the ground that he was insane at the time it was solemnized.

The defendant demurred to the different aspects of the bill on the ground that it is without equity and on numerous grounds. The circuit court sustained the demurrer to the aspect of the bill which seeks a divorce a vinculo matrimonii on the ground of adultery, and overruled it as to the other aspect.

The contention of the appellee is that the voluntary election or assent to the proceeding by the non compos mentis complainant is essential to confer jurisdiction on the court to grant such divorce on statutory grounds.

■ The rule sustained by the weight of authority is, *in the absence of statute* so authorizing, an insane person can not bring an action for divorce, nor can his guardian, committee or next friend bring such action in his name and behalf. Stevens v. Stevens, 266 Mich. 446, 254 N.W. 162, citing 70 A.L.R. 964 and 19 C.J. 98; 17 Am. Juris, p. 290, § 272, citing Worthy v. Worthy, 36 Ga. 45, 91 Am.Dec. 758; Mohler v. Shank's Estate, 93 Iowa 273, 61 N. W. 981, 34 L.R.A. 161, 57 Am.St.Rep. 274, and other cases; 27 C.J.S., Divorce, p. 672, § 89.

■ This line of authorities holds that a decree of divorce procured on a bill filed by the next friend or guardian in the name of the lunatic is void for want of jurisdiction in the court to grant it. Worthy v. Worthy, and Mohler v. Shank, supra.

By statute in England the guardian or committee of a lunatic is authorized to bring and prosecute such suit in the name and behalf of the lunatic, and like authority is given by the statutes of Massachusetts. 9 R.C.L. 406, § 204; Garnett v. Garnett, 114 Mass. 379, 19 Am.Rep. 369; Cowan v. Cowan, 139 Mass. 377, 1 N.E. 152.

This court before the enactment of the statutes brought forward through the several Codes since 1852, and now § 6519 of the Code of 1923, in force when the bill in this case was filed, in Mims v. Mims, 33 Ala. 98, recognized the right of an insane wife to maintain a bill filed by next friend or a committee appointed by the court, against her husband for alimony.

■ Construing § 6519, supra (supplanted by Equity Rule 8, Code of 1940, Tit. 7, p. 1047), as in pari materia with §§ 7407 and 7410, Code 1940, Tit. 34, §§ 20, 23, they authorize the bill to be filed by the next friend for and in the name of the non compos mentis, complainant. Upshaw v. Eubank et al., 227 Ala. 653, 151 So. 837.

The pertinent provisions of these statutes are:

Code of 1923, § 6519: "Persons of unsound mind may sue by next friend, and guardians may be substituted; and upon restoration to sanity, the suit may proceed in their own names."

Code of 1923, § 7407: "The circuit court in equity has power to divorce persons from the bonds of matrimony, upon bill filed by the aggrieved party, for the causes following * * * 2. For adultery."

Code of 1923, § 7410: "The proceeding must, in all respects, be conducted as other suits in chancery, *except as herein otherwise directed*." [Italics supplied.]

The italicized clause refers to the provisions immediately following in said sections, to the provision of § 7411, Code 1940, Tit. 34, § 24, as to the effect of the answer, and the provision of § 7413, Code 1940, Tit. 34, § 26, prohibiting decrees by consent of the parties, or where the parties consented to the act made the basis of the ground for the divorce.

■ The court has ample power to protect the interest of the incompetent com-

plainant, and the equity of the bill must be determined on its averments, independent of the state of the complainant's mind as if he were suing of his own volition. Whetstone v. Whetstone's Ex'rs, 75 Ala. 495.

The circuit court erred in sustaining the demurrer to the aspect of the bill seeking a divorce on the ground of adultery.

Reversed and remanded.

THOMAS, FOSTER and LIVINGSTON, JJ., concur.

GARDNER, C. J., and BOULDIN, J., dissent.

GARDNER, Chief Justice (dissenting).

Based upon the theory that the right to sue for a divorce is strictly personal to the spouse aggrieved by the acts or conduct of the other, and that there are no marital offenses, which of themselves work a dissolution of the marital relation or which may not be condoned, the decided weight of authority is to the effect that, in the absence of a statute so authorizing, a suit for divorce cannot be prosecuted on behalf of an insane person at the instance of his or her guardian or next friend. 17 Amer. Jur. 290; 70 A.L.R. 964.

The majority opinion appears to recognize the foregoing established rule. But the conclusion is that our general statutory provisions as to suits by insane persons should suffice. I cannot agree. In those few jurisdictions where such suits are recognized (70 A.L.R. 964), there are statutes granting such authority in divorce suits. Illustrative is the State of Massachusetts where is the following statutory provision in the chapter of the code (Annotated Laws of Mass. c. 208, Vol. 6 § 7), devoted to the subject of divorce, and under the title "libels for divorce": "§ 7 Libel to be signed.—The libel shall be signed by the libellant, if of sound mind and of legal age to consent to marriage; otherwise, it may be signed by the guardian of the libellant or by a person admitted by the court to prosecute the libel as his next friend." The holding of the Massachusetts Court in Cowan v. Cowan, 139 Mass. 377, 1 N.E. 152, authorizing the suit, is rested upon this statute. The English cases are also rested upon like statutes. I can find no authority which gives application of the general statutes relating to actions by insane persons to divorce suits, and I am persuaded none exist. We have no such statute as does the State of Massachusetts and the other few jurisdictions authorizing such suits.

In the absence of a statute giving such authority in divorce actions I am persuaded such suits are not maintainable, and feel constrained to respectfully dissent.

BOULDIN, Justice (concurring dissent).

The social implications behind the prevailing doctrine that divorce is purely a personal right, optional, elective on the part of the injured spouse is so compelling as to lead me, on fuller reflection, to conclude, in the absence of express statute, that the door of the court of chancery should not be open to a third party to assume the role of next friend in the case here presented.

I think it not amiss to call attention to averments of the amended bill showing some of the social results involved. It is averred the wife remarried, reared a family of children, by the second husband, now deceased.

For sound reasons of public policy, where the legitimacy of children is involved, a presumption of the validity of the second marriage is indulged. Ex parte Young, 211 Ala. 508, 101 So. 51; 27 C.J.S., Divorce, § 186, p. 845.

If now the insane husband should be restored to sanity, and confronted with the question of suing for divorce, or leaving matters as they are, he would face this proposition in his own mind: By my own unfortunate state, I have not been able to take the place of a husband in fact for these forty years. My wife has had a valid ground of divorce against me for many years. Not that this excuses her delinquency, but because of my own inability during all these years, shall I now sue for divorce, or shall I leave matters as they are?

I am impelled to concur in the opinion of Chief Justice GARDNER, merely noting the above as additional reasons therefor.