45 So.2d 878 (1950)
SCOTT
v.
SCOTT.
Supreme Court of Florida, Division B.
April 25, 1950.
W. Fred Turner, Panama City, for plaintiff.
Joseph I. Mathis, Panama City, for defendant.
SEBRING, Justice.
The Circuit Judge of Bay County has certified to this Court, in accordance with Supreme Court Rule 38, the following proposition of law for determination: "May an action for divorce be instituted and maintained in this State by a guardian in behalf of a ward who prior to the time of the institution of suit has been duly adjudged to be mentally incompetent?"
It is settled by the holding of this Court in Schwob Co. of Florida v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782, that circuit courts may certify to this court, under Supreme Court Rule 38, any question affecting the jurisdiction of circuit courts, any procedural question, or any question that will dispose of the whole case at the outset by an answer to the question propounded, where the question certified is without controlling precedent in this state and an instruction from this court will facilitate the proper disposition of the cause.
*879 The question propounded by the learned circuit judge is one affecting the jurisdiction of the circuit court from which the question was certified, is without controlling precedent in this state and hence is entitled to an answer.
In answer to the certified question propounded, it is our view, which we think to be supported by the great weight of authority, that in the absence of a statute specifically authorizing suit for divorce by a guardian on behalf of an insane ward the right to maintain the suit is of such a strictly personal and volitional nature that it must, of necessity, remain personal to the spouse aggrieved by the acts and conduct of the other. Inasmuch as there are no marital offenses which in and of themselves work a dissolution of the marriage relation, or which may not be condoned, the marital relation can be dissolved only with the consent and at the instigation of the injured spouse personally, and manifestly, such consent cannot be given by one who is legally insane. To hold to any other view would be to destroy the effect of condonation, which not only is a defense available to a defendant in proper cases but which also preserves to the injured spouse the right to forgive, excuse or pardon. See annotations 70 A.L.R. 964 and 149 A.L.R. 1284. See also 17 Am. Jur. 290, 291, Divorce and Separation Sections 270, 272; 27 C.J.S., Divorce, § 89, p. 672.
The rule that an action for divorce may be maintained by a guardian in behalf of an insane ward appears to prevail only in the States of Massachusetts and Alabama. In Massachusetts the right of the guardian to sue in such cases is expressly given by statute. See Cohn v. Cohn, 310 Mass. 126, 37 N.E.2d 260. In Alabama the right of the guardian to maintain the suit is bottomed not upon express statutory authority but upon the view held by the court of last resort of that State that a general statute allowing a guardian to maintain a suit in behalf of his ward should be construed in pari materia with a general statute governing divorces, and that when so construed, the statutes vest authority in the guardian to institute such an action. See Campbell v. Campbell, 242 Ala. 141, 5 So.2d 401.
Our divergence from the holding of the Massachusetts Court is compulsory, for the reason that in Florida we have no specific statute authorizing the maintenance of such an action by a guardian. Our disagreement with the rule adopted by the Alabama Court is occasioned by the fact that we cannot accept the logic by which the court has reached its conclusion.
Being of the opinion that the majority rule on the subject is more consonant with equity and reason, it follows that the question certified to this court should be answered in the negative and that the cause should be remanded for the entry of an appropriate order in accordance with this opinion.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.