LOPEZ, AQUILINO, Jr., Associate Judge.
This is an interlocutory appeal from an order (1) denying the appellant’s motion to dismiss an annulment suit; (2) granting in part a motion to strike portions of the appellant’s answer; and (3) granting a temporary restraining order. The appellant, James LeRoy Eden, was the defendant below, and the appellee, Katherine Maude Jennings Eden, by her next friend, 'Edmund P. Russo, was the plaintiff below.
The defendant’s motion to dismiss was based upon allegations that the complaint failed to state a cause of action; that the next friend was not authorized or qualified to institute the action; and that the court lacked jurisdiction over the subject matter and of the plaintiff in that a suit may not be brought on behalf of an incompetent by an alleged next friend.
The complaint for annulment and other relief, filed by Russo as next friend, alleged that Mrs. Eden was adjudicated incompetent; however, Edmund P. Russo has not been shown to be a relative or friend of Mrs. Eden and his reason for bringing the suit and his interest in the litigation have also not been shown.
Section 744.61, Fla.Stat., F.S.A., specifically provides:
“All suits, actions or proceedings to establish the validity and amount of claims against the estate of the ward shall be brought jointly against the guardian and the ward, and in any such suit, no guardian ad litem be appointed. Suits to enforce or to declare rights of the ward shall be brought jointly in the name of the guardian and the ward * * (Emphasis supplied.)
We conclude that suit for annulment of marriage of an adult may not be maintained by an alleged next friend and accordingly, the chancellor erred in denying the defendant’s motion to dismiss the complaint. Cf. Scott v. Scott, Fla.1950, 45 So. 2d 878; Wood v. Beard, Fla.App.1958, 107 So.2d 198.
Accordingly, the decree is reversed and the cause is remanded with directions to enter an order dissolving the injunction and dismissing the cause.
Reversed and remanded with directions.
HORTON, C. J., and PEARSON, J., concur.