W. SHARP, Judge,
concurring specially.
I concur with the majority opinion, but write to stress why I think it is particularly important that Norma Vaughan be provided funds for temporary attorney’s fees. This case may well be one of first impression in this state on the question of whether a guardian of an incapacitated person can obtain a divorce for his ward from a competent spouse, solely because the ward has been incapacitated for a total of three years. See §§ 744.3215(4), 744.3725 and 61.052(l)(b). Section 61.052(l)(b) indicates mental incapacity of a spouse is a ground for the competent spouse to seek a divorce, provided the rights of the incapacitated spouse are duly protected. But its express terms do not foreclose the ability of a guardian of an incapacitated spouse to sue a competent spouse for a divorce solely because the ward has been incapacitated for three years. This interpretation would be a departure from precedent in this state[1] and other jurisdictions.[2] It has potentially far-reaching social implications and could raise constitutional issues, as well.

. See Scott v. Scott, 45 So.2d 878 (Fla.1950); Wood v. Beard, 107 So.2d 198, 199 (Fla. 2d DCA 1958).

. Annotation, Power of Incompetent Spouse's Guardian, Committee, or Next Friend to Sue for Granting or Vacation of Divorce or Annulment of Marriage or Make a Compromise or Settlement in such Suit, 6 A.L.R.3d 681 (1966).