UNITED STATES of America, Plaintiff,

v.

KEN INTERNATIONAL CO., LTD., etc., Defendants.

Nos. CR–S–93–263–PMP (LRL), CV–S–95–665–PMP (LRL).

United States District Court, D. Nevada.

Aug. 18, 1995.

Eric Johnson, Dan Hollingsworth, Asst. U.S. Attys., Organized Crime Strike Force, Las Vegas, NV, for plaintiff.

Dominic Gentile, Las Vegas, NV, Terrance G. Reed, Washington, DC, for petitioner Ken Mizuno.

Craig H. Millet, Gibson, Dunn & Crutcher, Irvine, CA, for Kengo Ohaski as Admin. of Bankruptcy Estates of Ken International and Ken Mizuno.

*ORDER*

PRO, District Judge.

Before the Court is the Emergency Ex Parte Motion to Stay Judgment of Conviction and Related Orders (# 494) filed by Petitioner/next friend Ken Mizuno ("Mizuno") on July 12, 1995. The Court by Order (# 495) required Respondent to file a Response to the Emergency Ex Parte Motion (# 494). The United States of America (the "Government") filed a Response in Opposition to Emergency Ex Parte Motion to Stay Judgment of Conviction and Related Orders (# 497) on July 20, 1995. The Bankruptcy Estate of Ken International Co., Ltd., filed a Motion for Leave to Exceed Page Limits for Points and Authorities in Support of Opposition of Motion (# 500) on July 20, 1995.

Within that Motion (# 500) is a Memorandum of Points and Authorities in Opposition to Emergency Ex Parte Motion to Stay Judgment of Conviction and Related Orders. The Court by Order (# 503) also required Mizuno to file a Reply to these Responses. Mizuno filed that Reply (# 504) on August 1, 1995.

Also before the Court is the Verified Petition of Next Friend Ken Mizuno for a Writ of Error Coram Nobis on Behalf of Defendant Ken International Co., Ltd. (# 498) filed July 11, 1995. The Bankruptcy Estate of Ken International Co., Ltd., filed an Objection to Declaration of Arnold M. Quittner in Support of Petition of Next of Friend Ken Mizuno (# 499) on July 20, 1995.

Also before the Court is the Government's Motion to Dismiss for Lack of Standing Verified Petition of Next Friend Ken Mizuno for Writ of Error Coram Nobis on Behalf of Defendant Ken International (# 497) filed July 20, 1995. The Bankruptcy Estate of Ken International Co., Ltd., filed a Motion for Leave to Exceed Page Limitations for Points and Authorities in Support of Opposition of Motion (# 500) on July 20, 1995. Within that Motion (# 500) is a Memorandum of Points and Authorities in Support of the Motion of the United States to Dismiss Petition of Next Friend Ken Mizuno for a Writ of Error Coram Nobis on Behalf of Defendant Ken International Co., Ltd. The Court by Order (# 503) required Mizuno to file an Opposition. Mizuno filed that Opposition (# 504) on August 1, 1995. The Bankruptcy Estate filed its Reply to Ken Mizuno's Opposition to Motion to Dismiss (# 506) on August 4, 1995. The Government filed a Reply to Ken Mizuno's Response in Opposition to Government's Motion to Dismiss Verified Petition of Next Friend Ken Mizuno for Writ of Error Coram Nobis on Behalf of Defendant Ken International (# 507) on August 10, 1995.

Also before the Court is the Motion to Strike Pleadings filed by Gibson, Dunn and Crutcher (# 505), filed by Mizuno on August 1, 1995. The Bankruptcy Estate of Ken International Co., Ltd., filed its Memorandum of Points and Authorities in Opposition to Ken Mizuno's Motion to Strike (# 506) on

August 4, 1995. The Government filed its Response in Opposition to Ken Mizuno's Motion to Strike Pleadings Filed by Gibson, Dunn & Crutcher (# 507) on August 10, 1995.

Also before the Court is Mizuno's Ex Parte Motion for Oral Argument and Opportunity to Reply (# 501), filed July 24, 1995. The Government filed a Response (# 502) on July 25, 1995. The Court by Order (# 503) granted that Motion in part to allow Mizuno the opportunity to reply, but reserved its decision on the motion for oral argument.

## I. Background

Ken International Co., Ltd., ("KI") is a Japanese corporation. Prior to April 1992, Ken Mizuno ("Mizuno"), a Japanese citizen and resident, owned 100 percent of the stock of KI. However, in April 1992, the Japanese Bankruptcy Court found both KI and Mizuno to be bankrupt. The court appointed Kengo Ohashi as administrator for both the Japanese KI and Mizuno bankruptcy estates. In that capacity, Ohashi controlled the corporation and its assets through his administration of the KI bankruptcy estate, and controlled 100 percent of the stock of KI through his administration of the Mizuno bankruptcy estate. Mizuno no longer owns the KI stock or has any management authority or control of KI.

Ohashi filed bankruptcy petitions for both Ken Mizuno and Ken International in United States Bankruptcy Court for the Central District of California. That court subsequently entered orders finding both parties bankrupt and creating bankruptcy estates under United States law. The United States District Court for the Central District of California recently affirmed the bankruptcy court's entry of relief creating the bankruptcy estate for Mizuno. However, that court, in considering whether Ohashi had standing to pursue on behalf of the United States bankruptcy estate of Ken Mizuno an adversary action, indicated that it was not clear from the record whether a finding was made that Ohashi, as administrator of the Japanese bankruptcy estate of Ken Mizuno, rather than Mizuno, was the debtor in the underlying bankruptcy action.

In October 1993, KI, through Ohashi, entered its guilty plea in United States District Court for the District of Nevada pursuant to the plea memorandum of October 5, 1993. The Court subsequently entered its judgment of conviction on October 7, 1993.

Mizuno now claims that the order of the United States District Court for the Central District of California, to the extent that there was no explicit determination that Ohashi was the debtor or the trustee, calls into question the validity of the plea agreement and the guilty plea of KI. Mizuno claims status as the "next friend" of KI to raise these concerns in his Verified Petition of Next Friend Ken Mizuno for a Writ of Error Coram Nobis on Behalf of Defendant Ken International Co., Ltd. (# 498).

## II. Standing

Article III of the United States Constitution gives the federal courts "jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 154–155, 110 S.Ct. 1717, 1722, 109 L.Ed.2d 135 (1990).

█ Mizuno claims he has standing on behalf of Ken International Co., Ltd. ("KI"), to challenge, by his petition for a writ of error coram nobis, the guilty plea entered by KI, the guilty plea memorandum, the judgment of conviction against KI, and the order of forfeiture against KI in the case of *United States of America v. Ken International Co., Ltd.*, 184 B.R. 102 (D.Nev.1995). Mizuno claims the status of the "next friend" of KI.

The concept of "next friend" status is used as an accepted basis for jurisdiction in certain circumstances. *Whitmore*, 495 U.S. at 162, 110 S.Ct. at 1726–27. Often, "next friends" appear in court "on behalf of detained prisoners who are unable, because of mental incompetence or inaccessibility, to seek relief themselves." *Id.* (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n. 3, 76 S.Ct. 1, 3, n. 3, 100 L.Ed. 8 (1955)). It is generally used in the context of habeas corpus proceedings, *see, e.g., Collins v. Traeger*, 27 F.2d 842, 843 (9th Cir.1928);

*United States ex rel. Funaro v. Watchorn,* 164 F. 152, 153 (S.D.N.Y.1908); and 28 U.S.C. § 2242 ("[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person whose relief it is intended or by someone acting in his behalf"), although some courts permit "next friends" to prosecute actions outside the habeas corpus context "on behalf of infants, other minors, and adult mental incompetents." *Whitmore,* 495 U.S. at 163 n. 4, 110 S.Ct. at 1727 n. 4. (citing *Garnett v. Garnett,* 114 Mass. 379 (1874); *Campbell v. Campbell,* 242 Ala. 141, 5 So.2d 401 (1941); *Blumenthal v. Craig,* 81 F. 320 321–322 (3d Cir.1897); *Baltimore & Ohio R. Co. v. Fitzpatrick,* 36 Md. 619 (1872)).

Congress has not authorized "next friend" standing in writ of error coram nobis cases. Furthermore, the Supreme Court has not decided whether "next friend" standing exists outside of habeas corpus proceedings. *Whitmore,* 495 U.S. at 164, 110 S.Ct. at 1727. However, to the extent that "next friend" standing does exist outside the field of habeas corpus practice, its scope is "no broader than what is permitted by the habeas corpus statute, which codified the historical practice." *Id.* at 164–65, 110 S.Ct. at 1728.

■ For a third party to claim "next friend" standing, the third party must establish: (1) "an adequate explanation, such as inaccessibility, mental incompetence, or other disability why the real party in interest cannot appear on his own behalf;" and (2) that the 'next friend' is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore,* 495 U.S. at 163, 110 S.Ct. at 1727; *see also Brewer v. Lewis,* 989 F.2d 1021, 1025–26 (9th Cir.1993) ("next friend" must prove party to be protected is incompetent to assert own rights).

It is also suggested that a "next friend" must have some significant relationship with the real party in interest. *Whitmore,* 495 U.S. at 163–64, 110 S.Ct. at 1727–28.

Mizuno asserts that "there is no one else who can viably speak on behalf of the corporation before this Court" and focuses on his previous stock ownership of KI. Mizuno fails to establish an adequate explanation why KI cannot appear on its own behalf. Mr. Ohashi is wholly in control of KI by operation of Japanese law, and is charged with making decisions on behalf of KI, and if necessary, appearing on its own behalf. Moreover, Mizuno does not indicate that he is truly dedicated to KI's best interests. Finally, Mizuno establishes no present relationship with the real party in interest, KI, by showing that he previously owned stock in that corporation. Even present shareholders lack standing to bring writs of error coram nobis. *See United States v. Allegheny Bottling Co.,* 854 F.Supp. 430, 435 (E.D.Va.1994).

■ Mizuno, in his Response, asserts that he has standing in his own right because the guilty plea, judgment of conviction, and forfeiture all harmed Mizuno and his bankruptcy estate. Mizuno claims that counsel for KI permitted the forfeiture of property that rightfully belonged to the bankruptcy estate of Ken Mizuno. However, Mizuno brought the instant petition as the "next friend" of KI, and not on his own behalf. Even were Mizuno to amend the petition, he was not a party to the KI criminal proceedings. The rights he seeks to litigate are personal to the defendant and ordinarily cannot be litigated by third parties.[1] *Singleton v. Wulff,* 428 U.S. 106, 114, 96 S.Ct. 2868, 2874, 49 L.Ed.2d 826 (1976); *Barrows v.*

---

1. Even were the Court to find that Mizuno had standing based on the property he allegedly lost, a petitioner seeking a writ of error coram nobis still must establish four factors: (1) a more usual remedy is not available; (2) valid reasons for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987). Mizuno has litigated, and continues to litigate, a more usual remedy rather than the writ of error coram

nobis. Mizuno filed a petition pursuant to 21 U.S.C. § 853(n) claiming an interest in certain forfeited property. However, the Court by Order (# 469) dismissed Mizuno's petition. Mizuno has appealed that dismissal. As Mizuno is still involved in litigation under the more usual remedy, he cannot meet the requirements for relief based on the extraordinary writ of error coram nobis. Indeed, to the extent that Mizuno claims the same injury as claimed in his § 853 petition, the Court has already ruled that Mizuno lacks standing to raise those concerns. *See* Order (# 469).

*Jackson,* 346 U.S. 249, 255, 73 S.Ct. 1031, 1034, 97 L.Ed. 1586 (1953).

 Mizuno further asserts in his Response that he has *jus tertii* standing. This is a narrow standing doctrine that exists as an exception to the broader rule prohibiting third parties from litigating the constitutional rights of others. *Singleton v. Wulff,* 428 U.S. at 118, 96 S.Ct. at 2876 (physician providing abortion services to women granted standing); *see Craig v. Boren,* 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1977) (vendor selling near beer to persons under 21 years old granted standing); *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (physician providing contraceptives to married couples granted standing). To show standing, the party must show that he has suffered some injury in fact from the enforcement of the law. *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 623 n. 3, 109 S.Ct. 2646, 2651 n. 3, 105 L.Ed.2d 528 (1989). The party must also establish certain "prudential considerations" that point to allowing them to advance the litigation. *Id.* The Court must look at three factors to determine if "prudential considerations" exist: "the relationship of the litigant to the person whose rights are being asserted, the ability of the person to advance his own rights, and the impact of the litigation on third-party interests." *Id.*

While Mizuno once owned 100 percent of KI's stock, Mizuno presently has no relationship with KI. Consequently, Mizuno cannot establish the requirements for *jus tertii* standing. The Court therefore finds that Mizuno has no standing to bring his Verified Petition (# 498).

 Mizuno finally requests the Court inquire, *sua sponte,* as to the merits of Mizuno's Verified Petition. However, absent a finding of standing, there is no pending litigation in this forum. The appeal time has expired and no new parties have initiated any other litigation. The Court lacks the power to entertain the merits of Mizuno's Verified Petition *sua sponte.* Accordingly, the Court will dismiss Mizuno's Verified Petition (# 498).

IT IS THEREFORE ORDERED THAT Mizuno's *Ex Parte Motion for Oral Argument and Opportunity to Reply* (# 501) is DENIED to the extent that it requests oral argument on this matter;

IT IS FURTHER ORDERED THAT the Bankruptcy Estate of Ken International Co., Ltd.'s Motion for Leave to Exceed Page Limitations for Points and Authorities in Support of Opposition of Motion (# 500) is GRANTED;

IT IS FURTHER ORDERED THAT the Government's Motion to Dismiss for Lack of Standing Verified Petition of Next Friend Ken Mizuno for Writ of Error Coram Nobis on Behalf of Defendant Ken International (# 497) is GRANTED;

IT IS FURTHER ORDERED THAT the Verified Petition of Next Friend Ken Mizuno for a Writ of Error Coram Nobis on Behalf of Defendant Ken International Co., Ltd. (# 498) is DISMISSED for lack of standing;

IT IS FURTHER ORDERED THAT the Emergency Ex Parte Motion to Stay Judgment of Conviction and Related Orders (# 494) is DENIED for lack of standing;

IT IS FURTHER ORDERED THAT the Motion to Strike Pleadings filed by Gibson, Dunn and Crutcher (# 505) is DENIED.