[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
 I FACTS
Presently before the court is the defendant's motion to dismiss. On September 3, 1999, Carolyn Levine, voluntary conservator of the person of the plaintiff, Ralph Hurtle, filed this dissolution of marriage action on the plaintiff's behalf. The plaintiff seeks, inter alia, a judgment of divorce against the defendant, Dorothy Hurtle, on the ground of irretrievable breakdown of the marriage.
Levine was appointed voluntary conservator of the person pursuant to General Statutes § 45a-646.[1] See Inthe Matter of the Petition of Ralph Hurtle, Court of Probate, district of West Hartford, District No. 155 (August 19, 1999, Berman, J.). Subsequent to the filing of this action, Levine resigned as the plaintiff's conservator. The court of probate, Berman, J., appointed Denny Fuller as the plaintiff's successor voluntary CT Page 4986 conservator of the person on November 24, 1999. See Inthe matter of Ralph Hurtle, Court of Probate, district of West Hartford, District No. 155 (November 24, 1999,Berman, J.). Mark Steier presently serves as the plaintiff's voluntary conservator of the estate and has done so since at least May 4, 1999.[2] See id.
On November 1, 1999, the defendant moved to dismiss the dissolution action on jurisdictional grounds. Specifically, the defendant argues that a legally incompetent person as to his estate or person may not bring a dissolution action on his own or through his conservator. The plaintiff argues in response that a conservator has the authority to bring the action on behalf of a voluntarily conserved person and, therefore, the court has jurisdiction to hear the present matter.
 II DISCUSSION
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Capers v. Lee, 239 Conn, 265, 282,684 A.2d 696 (1996) . "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Practice Book § 10-33.
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998) . "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999).
 A CT Page 4987
The sole issue on the present motion to dismiss is whether Connecticut law authorizes a conservator to file a dissolution of marriage action on behalf of a voluntarily conserved person. The defendant argues that such an action may not be filed by either the conservator or the conserved person. This court concludes that under the facts of this case, the conservator may bring the present dissolution action on behalf of his voluntarily conserved person and, therefore, the court does not lack subject matter jurisdiction to hear the present action.
In Reale v. Reale, Superior Court, judicial district of Tolland at Rockville, Docket No. 070340 (January 12, 2000, Klaczak, J.) (6 Conn. Ops. 203), the court rejected the defendant's argument that the plaintiff lacked the legal capacity to bring a dissolution action in her own name because of her status as a voluntarily conserved person. The court noted the statutory distinction between a voluntary and involuntary conservatorship; see. General Statutes §§ 45a-644 (e) (involuntary representation is representation after a finding of incapacity) and 45a-644
(g) (voluntary representation is representation without a finding of incapacity); and reasoned that because the plaintiff was under a voluntary conservatorship and not adjudged incompetent, the plaintiff retained the legal capacity to maintain the action. See Reale v. Reale,
supra, 6 Conn. Ops. 203.
The Reale court concluded, however, that the plaintiff's voluntary conservators of the person and the estate were necessary parties to the action since the voluntary conservatorships subjected the plaintiff's property and the plaintiff to the authority of the conservatory. See Reale v. Reale, supra, 6 Conn. Ops. 203; see also General Statutes §§ 45a-646, 45a-455 and 46a-656. The plaintiff was required, therefore, to add or substitutethe conservators as plaintiffs in order to survive the defendant's motion to strike. See Reale v. Reale, supra, 203.
In the present case, the defendant's entire motion to dismiss turns on the assumption that the plaintiff has been adjudicated incompetent by the court of probate. (See Defendant's Memorandum in support of Motion to Dismiss, pp. 4-5.) All of the evidence indicates, however, that the plaintiff is under separate voluntary conservatorships of CT Page 4988 the estate and person without a finding of incapacity, pursuant to General Statutes § 45a-646.
In 1999, the plaintiff sought appointment for voluntary representation for his estate and, then for his person in the Court of Probate, district of West Hartford. Without making a finding of incapacity, the court, Berman, J., appointed Steier as the plaintiff's voluntary conservator of the estate on May 4, 1999, and Levine as the plaintiff's voluntary conservator of the person on August 19, 1999.[3] See In the Matter of the Petition of RalphHurtle, supra, Court of Probate (August 19, 1999); In theMatter of Ralph Hurtle, supra, Court of Probate (November 24, 1999). Moreover, at a November 15, 1999 hearing, appointed counsel for the plaintiff, John Peters, reported to the court of probate that the plaintiff "wants a divorce and clearly [possesses] sufficient mental competency to bring the action." See In the Matter of Ralph Hurlte,
supra, Court of Probate (November 24, 1999). On November 24, 1999, the court of probate made the following, relevant findings: "The divorce action filed in superior court is appropriate and in the best interests of Mr. Hurtle. Accordingly, the action should continue and Attorney Eliot Nerenberg should represent the plaintiff, Ralph Hurtle, in said proceedings." Id. The court then denied an application for the appointment of involuntary conservators, which was brought by Mary Smolin of Protective Services. See id. In short, the plaintiff possesses the legal capacity to bring a dissolution action on his own behalf.
It is important to note that the plaintiff, Ralph Hurtle, is the only named plaintiff in this action. Neither of his voluntary conservators are named plaintiffs. (See summons, filed September 3, 1999.) According to the complaint, "[t]he plaintiff is Ralph L. Hurtle, acting herein by Carolyn Levine . . . Voluntary Conservator of Ralph L. Hurtle . . . ." (Complaint, ¶ 1.) Under the circumstances of this case, in which the named plaintiff has not been adjudged incompetent, the evidence indicates that he wants a divorce and the court of probate has found the action to be in the plaintiff's best interest, this court does not lack subject matter jurisdiction merely because the plaintiff's voluntary conservator has filed the action on his behalf. See Reale v. Reale, supra, 6 Conn. Ops. 203 (requiring the plaintiff, a voluntarily conserved person, to add or substitute her voluntary conservators of CT Page 4989 the person and estate as plaintiffs in the dissolution action).
 B
The legal authority cited by the defendant in support of her argument is inapposite to the facts of this case. All of the cited cases address the issue of whether a conservator may institute or maintain a dissolution action on behalf of a mentally incompetent person. See Wood v.Wood, 107 So.2d 198 (1958); Shenk v. Shenk, 100 Ohio App. 32,135 N.E.2d 436 (1954); Scott v. Scott, 45 So.2d 878
(1950); Cohen v. Cohen, 73 Cal.App.2d 330, 166 P.2d 622
(1946); Johnson v. Johnson, 294 Ky. 77, 170 So.2d 889 (1943); and Campbell v. Campbell, 242 Ala. 141, 5 So.2d 401
(1942). The issue in the present case is, however, whether a voluntary conservator may bring an action on behalf of the conserved person who has not been adjudged mentally incompetent.
Legal research has not uncovered any Connecticut appellate decisions in which the issue presently before this court has been decided. Moreover, there is a split of authority among other states' courts that have decided whether, in the absence of expressed statutory authority, a conservator may bring an action on behalf of a conserved person.[4] See Annot., 32 A.L.R.5th 688-703, Power of Incompetent Spouse's Guardian or Representative to Sue for Granting or Vacation of Divorce § 3 (1995). The majority rule has long held that, absent express statutory authority, a conservator may not bring a dissolution action on behalf of a conserved person. See Murray v. Murray,310 S.C. 336, 426 S.E.2d 781 (1993); In re Marriage of Drew,115 Ill.2d 201, 503 N.E.2d 339 (1986), cert. denied,483 U.S. 1001, 1075 S.Ct. 3222, 97 L.Ed.2d 729 (1987); but see Stubbs v. Ortega, 977 S.W.2d 718, 724 ("Texas public policy does not prohibit authorizing a guardian to petition for divorce on behalf of her mentally incapacitated ward") (1998); Nelson v. Nelson, 118 N.M. 17, 878 P.2d 335, 341
("a guardian of an adult incompetent ward may initiate divorce proceedings on behalf of the ward") (1994); andRuvalcaba v. Ruvalcaba, 174 Ariz. 436, 850 P.2d 674, 683-84
(a guardian may bring a dissolution action on behalf of the incapacitated ward pursuant to his general powers to act on the ward's behalf) (1993) . The policy reasons most often CT Page 4990 given in support of the majority rule are "the personal nature of the decision to terminate a marriage . . . and the inability to determine with certainty that the (conserved person] would have wanted to end the marriage." (Citations omitted.) In Re Marriage of Burgess, Supreme Court of New Jersey, Docket No. 86974 (February 17, 2000,McMorrow, J.). These policy reasons are not affected, however, when, as in the present case, the plaintiff has not been adjudged legally incompetent. See id.
Therefore, it was proper for the plaintiff's voluntary conservator to file this action in the plaintiff's name and on his behalf. The superior court has jurisdiction to hear the present case. See Amodio v. Amodio, supra, 247 Conn. 728. The defendant's motion to dismiss is hereby denied.
In the interest of judicial economy, the court suggests that the plaintiff's voluntary conservators of the person and estate be added as plaintiffs. See Real v.Reale, supra, 6 Conn. Ops. 203. Under General Statutes §§45a-655 and 45a-656, the conservators of the estate and person are responsible for the management of all of the conserved person's estate and his general custody and care.
See also General Statutes § 45a-646. They, therefore, have an interest in the present matter and are necessary parties to the present action. See Real v. Reale, supra, 203.
Devine, J.