### RICHARDSON *v.* RICHARDSON.

*Divorce. Previous Residence. Petition by Person under Guardianship. Evidence.*

In petitions for divorce, when the cause happens in this State, it is necessary, to give the court jurisdiction, to show only that the parties, or one of them, live in the county where the petition is preferred, and is unnecessary to show previous local residence for a stated term, as provided by s. 20, c. 70, Gen. Sts., where the cause happens without the State.

The right to petition for divorce is strictly personal. Therefore a husband under guardianship as a spendthrift, may bring petition in his own name.

In petition for divorce by the husband, the husband was permitted to show admissions by the wife that a child of which she was delivered in the husband's absence was begotten by one other than the husband. *Held,* admissible.

PETITION FOR DIVORCE, heard at the September Term, 1876, POWERS, J., presiding.

It appeared that in December, 1873, the petitioner left his family in Lowell, in this State, where he had previously resided, and went to Massachusetts, where he resided till April, 1876, when he returned to Lowell, where he lived, separate and apart from his family, until the bringing of this petition on August 21, 1876, his wife having continued to reside in Lowell, and having during his residence in Massachusetts been gotten with and delivered of a child. It further appeared that at the time the petition was brought, the petitioner was under guardianship, a guardian having been appointed for him under s. 13, c. 72, of the Gen. Sts.

The petitionee moved to dismiss, for that the petitioner had not had such a residence in this State as the law required, and for that the petitioner, being under guardianship, could not sustain a petition brought in his own name. But the court overruled the motion ; to which the petitionee excepted.

To sustain the charge of adultery, the petitioner offered testimony to prove that the petitionee had admitted that the child so born was begotten by some one not her husband ; to the admission of which the petitionee objected ; but it was admitted ; to which the petitionee excepted.

*Edwards & Dickerman*, for the petitionee.

The petitioner, having resided in this State but about five months before the term of court to which this petition was brought, has no standing in court. ·

This is a civil suit. Bishop Mar. & Div. ss. 298, 299. Therefore the petitioner can prosecute it by his guardian only. *Holden* v. *Scanlin*, 30 Vt. 177. The way to proceed when the marriage of an idiot or a lunatic is sought to be annulled, is pointed out by s. 7, c. 70, of the Gen. Sts.

*W. D. Tyler*, for the petitioner.

Section 20, c. 70 of the Gen. Sts., has no reference to cases where the causes arose within this State. Therefore the residence was sufficient.

The petition was properly brought in the petitioner's name. Section 22 of the same chapter provides that the petition shall be signed by the petitioner if of sound mind and of the age of legal consent; and hence there was no question as to the sanity or age of the petitioner.

A voluntary confession of a crime without duress or offer or hope of reward, is the best of evidence, and always admissible. *State* v. *Abbey*, 29 Vt. 60; *State* v. *McDonnell*, 32 Vt. 491; *State* v. *Center*, 35 Vt. 378; *State* v. *Gilbert*, 36. Vt. 145; *State* v. *Carr*, 37 Vt. 191; *State* v. *Horn*, 43 Vt. 20; Bishop Mar. & Div. s. 245; 1 Greenl. Ev. ss. 199, 213, 263.

The opinion of the court was delivered by

ROYCE J. We have not been furnished with a copy of· the petition in this case, but infer from what is stated in the exceptions, that the cause alleged in it was adultery by the libellee, committed within this State. The first question presented is as to the residence of the libellant. No question is made but that at the time the petition was brought, and when it was heard in the County Court, his residence was in Orleans County; but the libellee claims that in order to give the court jurisdiction, the libellant must have resided in Orleans County one full year previous to the term of court to which the petition was preferred.

Sec. 18, c. 70 of the Gen. Sts. provides that a divorce from the bond of matrimony may be decreed for adultery in either party; and sec. 21 provides that all libels for divorce shall be heard by the Supreme Court held for the county in which the parties, or one of them, live. That section was changed by the act of 1870, by transferring jurisdiction in matters relating to divorce to County Courts. By those two sections, all that was necessary to be shown, to give the court jurisdiction, was, that the parties, or one of them, lived in the county where the petition was heard and determined. This was shown, and the motion to dismiss was properly overruled. If the cause for divorce came within the provisions of the 20th section, the question of previous residence as affecting the jurisdiction of the court would become material, and such a residence must be shown as is required by that section. But the provisions of that section only apply to cases where the cause happened while the parties resided in another State or county.

The next question made was as to the right of the libellant to prosecute his petition in his own name. At the time of bringing it he was under guardianship. A guardian had been appointed for him upon an application made under s. 13, c. 72, of the Gen. Sts., which provides for such appointment in cases of what are denominated " spendthrifts," with a view to the protection and care of their property for the interest of themselves, their families, and whoever else may be interested. Such a guardianship is justifiable upon the theory that the ward is incapable of managing and controlling his own pecuniary affairs; while the guardianship of an insane person is justified upon a total want of capacity in the ward. And the rule that is laid down in *Holden* v. *Scanlin*, 30 Vt. 177, that suits in behalf of all persons under guardianship must be brought by the guardian, is limited in its application to cases where the want of legal capacity in the ward necessitated the appointment of a guardian. The statute requires that every libel shall be signed by the libellant, if of sound mind and of the age of legal consent; and the fair inference is, that it was intended that the party who was required to sign the libel, and is made responsible for what is alleged in it, should have the legal right to prosecute it. The right to bring the petition is strictly

personal, and under the volition and control of the party, and the libellee could not question the right of the libellant to prosecute his petition in his own name.

The only remaining question is as to the admissibility as evidence of the confessions of guilt made by the libellee. Such confessions are not excluded by any statute. Sec. 15, c. 70, provides that no sentence of nullity of marriage shall be pronounced *solely* on the .declarations or confession of the parties ; thus leaving the question of their admissibility to depend upon the rules of evidence, and only limiting the effect or weight to be given to them when admitted. There can be no question but that under the common-law rules of evidence the confession was admissible.

Judgment affirmed.