### State of Vermont v. Diane Corliss

[484 A.2d 924]

No. 83-257

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 14, 1984

*Robert Andres,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellant.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *Jerry L. Schwarz,* Chittenden County Public Defender, Burlington, for Defendant-Appellee.

**Hill, J.** The State appeals the trial court's suppression of the defendant's arrest and statements made at the police station after her arrest. We hold that we are without jurisdiction to hear this appeal because the State failed to receive permission to appeal from the trial court as required by V.R.A.P. 5(b)(1).

On the afternoon of January 24, 1983, two police officers went to the defendant's home to arrest her for burglary, a violation of 13 V.S.A. § 1201. The officers did not have an arrest warrant. They knocked on the door, which was answered by the defendant's husband, Ronald Corliss. Mr. Corliss invited the officers inside. Mrs. Corliss was inside the house, and the officers asked her to step out onto the porch; when she did so, the officers arrested her. She was brought to the police station, where she made certain incriminating statements regarding the burglary. The defendant moved to suppress the arrest, contending that the officers made a warrantless and nonconsensual entry into her home. The defendant also moved to suppress the statements she made at the police station, contending that they were involuntary because (1) they were made as a result of police threats and promises, and (2) she did not understand her *Miranda* right to have counsel present during her interrogation. The trial court ruled in favor of the defendant's contentions, and suppressed both the arrest and the statements.

The State has appealed under both 13 V.S.A. § 7403 and V.R.A.P. 5(b)(1). Section 7403 provides, in pertinent part:

> (c) In a prosecution for a felony, the state shall be allowed to appeal to the supreme court from a decision or order of a district or superior court:
>
> (1) granting a motion to suppress evidence . . . .
>
> (d) In making this appeal, the attorney for the state must certify to the court that the appeal is not taken for purpose of delay and that:
>
> (1) the evidence suppressed or declared inadmissible is substantial proof of a fact material in a proceeding; or
>
> (2) that the relief to be sought upon appeal is necessary to avoid seriously impeding such proceeding.

13 V.S.A. § 7403(c), (d).

V.R.A.P. 5(b)(1) provides in pertinent part:

Upon motion of the state in a felony action, the judge shall permit an appeal to be taken by the state from a pretrial ruling . . . [g]ranting a motion to suppress evidence . . . if the prosecuting attorney certifies that the appeal is not taken for purpose of delay and that the evidence suppressed or declared inadmissible is substantial proof of a fact material in the proceeding or the relief to be sought on appeal is necessary to avoid seriously impeding such proceeding.

█ Although the language of 13 V.S.A. § 7403(c) does not explicitly require the State to receive the trial court's permission to appeal, as does V.R.A.P. 5(b)(1), we construe § 7403(c) to require such permission. Section 7403(c) provides that the State shall "be allowed" to appeal. This language suggests that the appeal process is not self-executing; rather, the trial judge must "allow" the appeal. In order to allow the appeal, the trial court must receive a motion from the State requesting such allowance.

The language of § 7403(c) should be compared to that used in 13 V.S.A. § 7401. Section 7401 provides that a defendant "may appeal" a criminal conviction as of right. This section does not require the defendant to move the trial court for permission; the defendant need only file a notice of appeal. Based on an analysis of the language used in § 7403(c) and 13 V.S.A. § 7401, we conclude that 13 V.S.A. § 7403(c) is consistent with V.R.A.P. 5(b)(1) in requiring trial court permission to appeal an order granting a motion to suppress evidence in a felony prosecution.

Requiring the State to file a motion for permission to appeal will ensure compliance with § 7403. Subsection (d) of § 7403 provides that, before the State may appeal, it must certify to the court that the appeal is not taken for purposes of delay, and that the evidence suppressed is substantial proof of a material fact in the proceeding or that the relief sought on appeal is necessary to avoid seriously impeding the proceeding. If subsection (d) is not complied with, the State may not appeal. Similarly, the State may not appeal if the certificate required by subsection (d) is filed out of time. 13 V.S.A. § 7403(e) ("The appeal in all cases shall be taken within seven days after the decision, judgment or order has been ren-

dered. . . .”). Requiring a motion for permission to appeal allows the trial court to rule immediately on whether § 7403(d) and (e) have been complied with. If only a notice of appeal were required, the court could not determine whether subsections (d) and (e) were complied with; in addition, the proceedings would be delayed until this Court rules on the appeal.

Finally, we point out that this Court's rule-making authority would be seriously undermined if we were to hold, first, that § 7403(c) does not require permission to appeal, and second, that § 7403(c) and not V.R.A.P. 5(b)(1) controls this issue. Chapter II, § 37 of the Vermont Constitution gives the Court the authority to promulgate procedural rules:

> The Supreme Court shall make and promulgate rules governing the administration of all courts, and shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. Any rule adopted by the Supreme Court may be revised by the General Assembly.

Pursuant to this rule-making authority, after § 7403(c) was enacted this Court promulgated that portion of V.R.A.P. 5(b)(1) requiring the State to move the trial court for permission to appeal a ruling suppressing evidence. Section 1 of 12 V.S.A. provides, in part, that rules promulgated by the Supreme Court may not "abridge, enlarge or modify" any rights provided by statute. If we were to find V.R.A.P. 5(b)(1) inapplicable because it "enlarges" the requirements of § 7403(c) in violation of 12 V.S.A. § 1, we would be abdicating our constitutional rule-making authority. This abdication would also hinder the efficient and orderly administration of the court system.

■ For the above reasons, we hold that both V.R.A.P. 5(b)(1) and 13 V.S.A. § 7403(c) require the State to move the trial court for permission to appeal a ruling suppressing evidence. Since the State failed to make such a motion in this case, we are without jurisdiction to hear the appeal. Accordingly, the appeal must be dismissed.

*Appeal dismissed.*