*Molleur v. Bucknam*, No. 251-9-14 Cacv (DiMauro, J., April 1, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Caledonia Unit | Docket No. 251-9-14 |

**MICHEL J. MOLLEUR and
CAROLYN C. BROWN, Plaintiffs**
     **v.**

**DEBORAH T. BUCKNAM and
BUCKNAM & BLACK, P.C.,**
     **Defendants**

### DECISION
### Motions to Dismiss

Plaintiffs Michel Molleur and Carolyn Brown have sued Deborah Bucknam and Bucknam & Black, P.C., their former counsel, alleging in Count One that Defendants were negligent in their representation of Plaintiffs in a guardianship case. Plaintiffs additionally allege in Count Two that Defendants breached their contract with Plaintiffs, and, in Counts Three and Four, that Defendants were deceptive and committed fraud with regard to the fees and expenses charged to Plaintiffs. Plaintiffs further claim that they suffered "serious emotional distress" as a result of Defendants' negligence. Defendants move to dismiss Plaintiff Brown, Counts Two, Three and Four of Plaintiff's complaint, as well as the claim for emotional distress damages stemming from Count One. Plaintiffs are represented by Ogden Law Offices, P.C. Defendants are represented by P. Scott McGee, Esq. of Hershenson, Carter, Scott & McGee, P.C.

### Alleged Facts Taken as True on Rule 12(b)(6) Motion

Plaintiffs have been a couple since approximately 1991. In 2001, Plaintiff Molleur was appointed guardianship of his grandson, "KM," due to substance abuse issues with KM's parents. KM came to live with both Plaintiffs who began to serve as KM's primary caregivers. In 2002, KM's parents requested that the Probate Court terminate Mr. Molleur's guardianship. Plaintiffs then hired Defendants to represent them in Probate Court in order to seek continued guardianship of KM, termination of parental rights ("TPR"), and adoption of KM. Both Plaintiffs signed a fee agreement with Defendants. During their representation of Plaintiffs, Defendants failed to inform Plaintiffs of the correct burdens of proof in the guardianship and TPR proceedings, or of the presumption that it was in the child's best interest to live with her natural parents, unless that presumption was rebutted. Defendant Bucknam also improperly served as the sole witness to KM's mother's signing of a consent to terminate parental rights, and failed to inform Plaintiffs that she had previously sued the expert witness Defendants used in Mr. Molleur's guardianship case.

In 2006, the Probate Court denied Mr. Molleur's petition to terminate the parental rights of KM's father. In 2009, the Probate Court terminated the parental rights of KM's mother and denied KM's father's petition to terminate Mr. Molleur's guardianship. In 2010, the Superior Court affirmed the Probate Court's decisions denying both Mr. Molleur's petition to terminate

the parental rights of KM's father and KM's father's petition to terminate Mr. Molleur's guardianship. Subsequently, the Vermont Supreme Court affirmed the denial of Mr. Molleur's petition to terminate the parental rights of KM's father, but reversed the Superior Court's decision allowing Mr. Molleur's guardianship of KM to continue, and remanded the case to the Superior Court for an order transferring custody of KM to her father within an appropriate time. See *In re K.M.M.*, 189 Vt. 372 (2011). In so doing, the Supreme Court stated that the Superior Court had wrongly required KM's father to prove that the guardianship should end.

Plaintiffs filed the instant Complaint on September 30, 2014. Defendants moved to dismiss on January 7, 2015. Plaintiffs filed their opposition to the motion on January 26, 2015. On March 30, 2015, Plaintiffs filed a motion for leave to file a supplemental opposition, submitting a copy of their 2002 fee agreement with Defendants, signed by both Mr. Molleur and Ms. Brown. In addition, Plaintiffs filed a motion to amend the Complaint to reflect that Ms. Brown had also been directly represented by Defendants. The Superior Court granted both motions.

## Standard of Review

The Court should grant a motion to dismiss for failure to state a claim upon which relief can be granted "only when it is beyond doubt that there exist no facts or circumstances that would entitle the nonmoving party to relief." *Samis v. Samis*, 2011 Vt. 21, ¶ 9, 189 Vt. 434 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). The Court must assume that all factual allegations in the complaint are true and resolve all reasonable inferences in the plaintiff's favor. *Id.*

## Analysis

### 1. *Request for Damages for Emotional Distress*

A claim for damages for emotional distress suffered as a result of legal malpractice is governed by the three-year statute of limitations. See *Vincent v. DeVries*, 193 Vt. 574, 579 (2013) (citing *Fitzgerald v. Congleton*, 155 Vt. 283, 293(1990)). The statute of limitations is triggered when the plaintiff "discovers or reasonably should discover the injury, its cause, and the existence of a cause of action." *Eaton v. Prior*, 192 Vt. 249, 254 (2012) (citing *Lillicrap v. Martin*, 156 Vt. 165, 176 (1989)). "Absent physical contact, one may recover for negligently caused emotional distress only when the distress is accompanied by substantial bodily injury or sickness. Accordingly, one must show some physical effect of any claimed emotional injury— some bodily hurt—in order to prevail." *Id.* (quotation omitted).

Here, Defendants contend that Plaintiffs knew of the "injury, its cause, and the existence of a cause of action" on March 4, 2011 when the Supreme Court issued its decision. While Plaintiffs argue that the "chief cause" of their distress was the "forced departure of KM in October 2011," this argument is unavailing. Plaintiffs specifically allege that the Vermont Supreme Court, in reversing the Superior Court's decision concerning Mr. Molleur's guardianship, "remanded the case to the Superior Court for an order transferring custody of KM to [her father] within an appropriate time." At that point, Plaintiffs were on notice of the injury of alleged emotional distress where it should have been clear, based on Plaintiffs' own

allegations, that Mr. Molleur had lost guardianship of KM by unequivocal order of the Supreme Court, regardless of whether the actual transfer of the child was delayed. In addition, as the parties note, the Supreme Court in its decision set forth the errors in the Superior Court's rationale denying the petition of KM's father to end Mr. Molleur's guardianship. Thus, Plaintiffs reasonably should have learned of the correct burden imposed on Mr. Molleur in his guardianship proceedings, the alleged underlying negligence, and related cause of action. That Plaintiffs may not have experienced the full effects of the injury until KM was actually transferred out of their custody does not render the three-year statute of limitations inapplicable. Plaintiffs therefore had three years from the date of the issuance of the Supreme Court decision in which to bring their claim for emotional distress. See *Eaton*, 192 Vt. at 254.

Additionally, Plaintiffs' bare allegation that they suffered "serious emotional distress" does not adequately state a claim for damages based on emotional distress. Plaintiffs simply fail to allege facts concerning any physical effects of the claimed injury. In the absence of any allegations to support that they suffered "some bodily hurt," this claim fails.

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' claim for damages for emotional distress under Count One.

### 2. *Plaintiff Carolyn Brown*

Defendants have sought to dismiss Plaintiff Brown on grounds that she was not a client of Defendants and has no standing to assert a claim relating to their representation of Plaintiff Molleur. However, Plaintiffs' evidence, namely, a copy of the Fee Agreement and Retail Charge Agreement, dated January 25, 2002, reflects that Defendants had been retained by both Mr. Molleur and Ms. Brown. The agreement is addressed to "Michel Molleur and Carol Brown" and states that their signatures "will indicate that you agree to our fee and charging arrangements." The agreement states that hourly rates will be charged "for all time spent in your behalf," and includes "legal research, case preparation, office conferences, telephone calls, drafting of documents, negotiating with any opposing counsel, and travel time." The agreement also contains signature lines for both Michel Molleur and Carol Brown, above which are signatures. This evidence directly contradicts Defendants' assertion that Ms. Brown "was not a client of the defendants." Accordingly, the motion to dismiss is **DENIED** with respect to this claim.

### 3. *Breach of Contract Claim*

Defendants assert that Plaintiffs fail to state a legally sufficient claim for breach of contract because their specific averments are merely further allegations of legal malpractice as alleged in Count One and they fail to allege bad faith conduct by Defendants. Plaintiffs argue that "The fact that many duties exist independent of contracts does not mean that contracts can not [sic] establish duties."

The Vermont Supreme Court has explained that "an action to recover for legal malpractice lies in tort, on the theory of the attorney's negligence." *Bloomer v. Gibson*, 180 Vt. 397, 406 (2006). Thus, an action will not lie in contract where a plaintiff fails to allege that the defendant breached any special obligations contained in the contract with the defendant. *Id*. at 407.

Plaintiffs in their Complaint allege that Defendants "breached the covenant of good faith and fair dealing that inheres in all Vermont contracts by harming [their] right to receive the benefit of the contract for legal services." Plaintiffs state that Defendants did so by:

> (a) charging fees for work that they knew or should have known was either unnecessary or counterproductive, (b) inducing plaintiff Michel to pay for experts and other expenses that the defendants knew or should have known were unnecessary or imprudent, (c) failing to tell plaintiffs what had to be proved in order to keep the guardianship of KM and terminate the parental rights of [KM's parents], and (d) failing to tell the plaintiffs Bucknam had sued an important witness whom she intended to call and did call.

Notably, Plaintiffs' negligence claim likewise raises these exact allegations. Further, Plaintiffs fail to identify any special obligations contained in their retainer which Defendants breached. Because Count Two is merely "'a tort claim veiled as a breach of contract claim,'" *Bloomer*, 180 Vt. at 407, the motion to dismiss is **GRANTED** in this instance.

### 4. Claim Alleging Deceit

Defendants assert that Plaintiffs fail to state a legally sufficient claim with respect to Count Three. Indeed, while Plaintiffs allege that Defendants intentionally "misrepresented" the quality of their work and billed them for work that was not necessary to their representation, it is unclear how this claim of "deceit" is distinct from Plaintiffs' consumer fraud claim, discussed below. Thus, the motion to dismiss is **GRANTED** as to Count Three.

### 5. Consumer Fraud Claim

Defendants additionally assert that Plaintiffs do not allege an unfair practice that is cognizable as a violation of the Vermont Consumer Fraud Act ("CFA"), emphasizing that Plaintiffs make no claim that Defendants "misled" them. The CFA prohibits "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce." 9 V.S.A. § 2453(a). An "unfair" or "deceptive act or practice" includes material misrepresentations or omissions likely to mislead a reasonable consumer. See *Bisson v. Ward*, 160 Vt. 343, 351 (1993). The consumer must interpret the message reasonably under the circumstances, and the misrepresentation or omission must be "material," that is, likely to affect the consumer's conduct or decision with regard to a product or service. *Peabody v. P.J.'s Auto Village, Inc.*, 153 Vt. 55, 57 (1989) (citing *Poulin v. Ford Motor Co.*, 147 Vt. 120, 124025 (19986)). Erroneous legal advice is generally not considered a deceptive act or practice in commerce. See *Kessler v. Loftus*, 994 F.Supp. 240, 243 (D. Vt. 1997). However, an alleged deceptive act which relates to the entrepreneurial aspects of the legal practice—such as "advertising, billing and collection practices, fee arrangements, and methods of obtaining, retaining and dismissing clients"—is actionable under the CFA. *Id.* (citations omitted).

In the instant case, Plaintiffs allege several unfair acts and omissions on the part of Defendants to support their claim under the CFA. In particular, Plaintiffs assert that Defendants failed to inform them that the expert witness called upon by Defendants had been sued by Defendants in the past, that they had the option of conferring with independent counsel regarding the fee agreement, and that court permission was necessary in order for Defendants to withdraw

4

their representation. Plaintiffs also allege that Defendants misrepresented the quality of and reasonable need for their work, and that the general "one-sidedness" of the fees collection provision was unfair. Plaintiffs assert that in reliance on Defendants' unfair or deceptive acts or practices, they hired Defendants and paid Defendants' fees and other expenses when they otherwise would not have done so.

With regard to Defendants' failure to apprise Plaintiffs of their past action against the expert witness used in Plaintiff Molleur's court proceedings, the Court notes that this allegation does not fall within the commercial aspects of the legal practice which may be actionable under the CFA. In any event, Plaintiffs fail to clarify how this allegation is separate from their claim of negligence.

On the other hand, drawing reasonable inferences in favor of the non-moving party, the Court must infer that Plaintiffs would not have retained and remitted payment to Defendants as counsel if not for their other unfair acts, misrepresentations, and omissions as alleged by Plaintiffs. As such, the motion to dismiss is **DENIED** with respect to this claim.

### Conclusion

In summary, the Court concludes as follows:

1. Defendants' motion to dismiss Plaintiffs' claim for damages for emotional distress is **GRANTED**.
2. Defendants' motion to dismiss Carolyn Brown as a plaintiff is **DENIED**;
3. Defendants' motion to dismiss Count Two is **GRANTED**;
4. Defendants' motion to dismiss Count Three is **GRANTED**; and
5. Defendant's motion to dismiss Count Four is **DENIED**.

**SO ORDERED.**

Dated at Woodstock, Vermont, this ___ day of April 2015.

_____
Hon. Theresa DiMauro
Superior Court Judge