

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03108

| Jeffrey Rivard v. Windham County State's Attorney Office, et al |
|---|

# ENTRY REGARDING MOTION

Title:        Motion to Dismiss (Motion: 4)
Filer:        Briana T Hauser
Filed Date:   August 28, 2023

Before the court are Plaintiff Jeffrey Rivard's claims against multiple State Defendants. In Count 1, Plaintiff asserts a claim of malicious prosecution against the Windham County Deputy State's Attorney ("DSA") Dana J. Nevins. In Count 2, Plaintiff asserts that the Vermont Department of State's Attorneys and Sheriffs ("SAS") failed to provide oversight over prosecutorial activities of DSA Nevins.

Defendants move the court to dismiss the complaint pursuant to V.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted, on all counts. Plaintiff opposes the motion. Additionally, Plaintiff apparently moves the court to allow him to amend his complaint to include a negligence claim against Dana J. Nevins in his personal capacity. Defendants oppose that motion. To the extent that Plaintiff's "Motion to Amend Complaint" can be considered a motion, it is DENIED.[1] Defendants' motion to dismiss is GRANTED.

## I. Procedural Background

On July 21, 2023, Plaintiff filed his complaint and accompanying affidavit in Windham Superior Court. Complaint dated July 21, 2023; "Statement" dated July 21, 2023. Although not immediately apparent, after thorough analysis, the court finds that Plaintiff's complaint alleges two causes of action against the State Defendants. In Count 1, Plaintiff asserts a malicious prosecution claim against DSA Dana J. Nevins. See Complaint; Plaintiff's "Statement" at 1–3. Plaintiff alleges that his malicious prosecution caused him invasion of privacy, defamed him, caused him mental and emotional distress, hurt his ability to provide for his household, and caused him to incur travel and medical expenses.[2] In Count 2, Plaintiff asserts a negligent supervision claim against SAS. See

---

[1] Plaintiff subtitles his submission "Motion to Amend Complaint." The submission is 10 pages long and the majority of it constitutes Plaintiff's opposition to Defendants' motion to dismiss. Only scattered throughout the submission are references such as: "I need to amend my complaint," or "the claims may be amended." See generally Plaintiff's "Motion to Amend."

Complaint; Plaintiff's "Statement" at 1. Plaintiff's complaint and the accompanying affidavit, however, never explicitly identify under which legal theory or theories Plaintiff wishes to pursue his claim. Defendants assume that Plaintiff is asserting claims under Vermont tort law and 42 U.S.C. § 1983. State Defendants' Motion to Dismiss at 1–2. To the extent that Plaintiff attempts to allege additional claims throughout his submissions, these are not considered, as Plaintiff never requested to amend the complaint to include them, and they are, therefore, not properly before the court.

On August 28, 2023, Defendants filed a motion to dismiss Plaintiff's complaint on all counts for failure to state a claim upon which relief can be granted pursuant to V.R.C.P. 12(b)(6). State Defendants' Motion to Dismiss dated August 28, 2023. Plaintiff opposes the motion. Plaintiff's Opposition to Motion to Dismiss subtitled "Motion to Amend Complaint" dated August 30, 2023. On August 30, 2023, Plaintiff filed a document titled "Opposition to Motion to Dismiss" and subtitled "Motion to Amend Complaint." *Id.* To the extent that Plaintiff's submission constitutes a motion to amend the complaint, it seeks to add a new personal injury claim against Dana J. Nevins in his personal capacity.[3] *Id.* at 1–2. Additionally, Plaintiff seeks to amend his claim of malicious prosecution to be against the Windham County State's Attorney. *Id.* at 8–9.

## II. Motion to Amend Complaint

As noted above, Plaintiff seeks to amend the complaint to include a personal injury claim against Dana J. Nevins in his personal capacity and to amend the malicious prosecution claim to be against the Windham County State's Attorney. In response, Defendants contend that Plaintiff's motion to amend the complaint should be denied as futile. To the extent that Plaintiff's motion seeks any other amendments, these are not considered, as the court cannot ascertain what those purport to be.[4]

Leave to amend a pleading "shall be freely given when justice so requires." V.R.C.P. 15(a). Courts must liberally permit amendments to a party's pleadings to allow maximum opportunity for each claim to be decided on the merits and to enable a party to assert a claim that was overlooked or unknown at an earlier stage. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1989) (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)). "When there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion [to amend]." *Bevins*, 143 Vt. 254-55.

In rare cases, however, denial of leave to amend may be justified due to "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Colby v. Umbrella, Inc.*,

---

[2] The court determines that Plaintiff's references to "defamation," "libelous publication," or "emotional distress" throughout his submissions are to be understood as Plaintiff's perceived consequences of his malicious prosecution rather than separate legal claims.

[3] Plaintiff's motion to amend cites V.R.C.P. 15(b), but, at one point, also references V.R.C.P. 19(a) as grounds for adding a claim of negligence against Dana J. Nevins. Plaintiff's "Motion to Amend Complaint" dated August 30, 2023, at 5.

[4] For instance, Plaintiff's "Motion to Amend Complaint" states: "First, in order to perfect my claim for relief I seek to amend my claim I assert I am seeking a 1983 action declaratory and injunctive relief and do so in view of Supreme Court of Virginia v. Consumer Union of the United States (1980). Plaintiff's "Motion to Amend Complaint" at 3.

2008 VT 20, ¶ 4, 184 Vt. 1 (quoting *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982)).  Indeed, the "court may deny a motion to amend when, among other reasons, amendment would be futile." *Vasseur v. State*, 2021 VT 53, ¶ 7, 215 Vt. 224.  See also *Gus' Catering, Inc. v. Menusoft Sys.*, 171 Vt. 556, 559 (2000) (mem.) (affirming trial court's refusal to allow amendment of complaint where amendment would have been futile given substantive law).  Amendment would be futile if the amended complaint cannot withstand a motion to dismiss. *Prive v. Vt. Asbestos Grp.*, 2010 VT 2, ¶ 13, 187 Vt. 280 (Noting that, "the only way to know whether the ... motion to amend is futile is to analyze whether the plaintiff's ... amended complaint would survive the defendant's motion to dismiss.").  "The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the law of the claim, not the facts that support it." *Samis v. Samis*, 2011 VT 21, ¶ 9, 189 Vt. 434.  In considering a motion to dismiss, courts accept "all facts alleged in the complaint as true and in the light most favorable to the nonmoving party." *Coutu v. Town of Cavendish*, 2011 VT 27, ¶ 4, 189 Vt. 336.

## A. Personal Injury Claim

In his motion to amend, Plaintiff states that on or about December 3, 2019, "Dana J. Nevins had purposefully bumped his pull cart off [Plaintiff's] bags causing a wincing pain in [his] back and [Nevins] did not apologize for the incident[;] [and] though he claims it was an accident, he is not charged with [d]isorderly [c]onduct or [s]imple [a]ssault." Plaintiff's "Motion to Amend Complaint" at 1–2.  The court was initially unsure whether Plaintiff's complaint is that Dana J. Nevins was not criminally charged for the alleged act, or whether the motion asserts an additional civil claim.  Ultimately though, Plaintiff's statement, "… I seek damages for negligence and maintain such claim herein," appears to clarify that Plaintiff asserts a distinct personal injury claim. Plaintiff's "Motion to Amend Complaint" at 2.

Thus, Plaintiff alleges a personal injury claim against Mr. Nevins.  Whatever the ultimate characterization of Plaintiff's claim though, it is one that falls squarely within the ambit of the three-year statute of limitations. See 12 V.S.A. § 512.[5]  Plaintiff states that the alleged incident occurred on or about December 3, 2019. Plaintiff's "Motion to Amend Complaint" at 2.  As the Vermont Supreme Court noted in *Gettis v. Green Mountain Economic Development Corp.*,

> [g]enerally, the statute of limitations begins to run at the point when a plaintiff has a cause of action. *Rennie v. State*, 171 Vt. 584, 586 (2000) (mem.). In personal injury claims governed by 12 V.S.A. § 512(4), the cause of action accrues at the time a plaintiff discovers or reasonably should have discovered the basic elements of a cause of action, including the existence of an

---

[5] 12 V.S.A. § 512 reads

> Actions for the following causes shall be commenced within three years after the cause of action accrues, and not after:
> (1) assault and battery;
> …
> (4) except as otherwise provided in this chapter, injuries to the person suffered by the act or default of another person, provided that the cause of action shall be deemed to accrue as of the date of the discovery of the injury
> ….

injury and its causes. *Lillicrap v. Martin*, 156 Vt. 165, 175 (1989). This "discovery rule" is meant to prevent the injustice of barring a plaintiff from a deserved remedy simply because a plaintiff may not have been aware of his or her "legal injury" for a considerable time after the events that caused the harm occurred.

2005 VT 117, ¶ 22, 179 Vt. 117 (citations cleared up). There is no allegation here that Plaintiff discovered his injuries until some later time. Conversely, Plaintiff must have discovered the injury at or around the time of the incident. This is because he states that the incident caused him "wincing pain," that Mr. Nevins "did not apologize," and that he complained about the incident to the Brattleboro Police. Plaintiff's "Motion to Amend Complaint" at 2; Plaintiff's "Sur Reply" dated September 13, 2023, at 1; Plaintiff's Pre Trial Exhibit 3. Accordingly, the statute of limitations period began to run in December 2019. Therefore, the latest Plaintiff could have brought his claim was December 2022. And since Plaintiff sought to amend his complaint to include personal injury only in August 2023, his claim is time-barred. As a result, the amendment would not survive a motion to dismiss and would be futile.

**B. Malicious Prosecution**

Next, Plaintiff requests the court to amend his claim of malicious prosecution to be against the Windham County State's Attorney. Plaintiff's "Motion to Amend Complaint" at 9. Defendants argue that the amendment would be futile because the malicious prosecution claim against the Windham County State's Attorney would be barred by absolute prosecutorial immunity. State Defendants' Reply in Support dated September 13, 2023, at 9.

As the court explains fully in section III.B., the Windham County State's Attorney enjoys absolute prosecutorial immunity from civil suits for her activities within that context. Otherwise, the court's analysis in section III.B. is fully applicable to Plaintiff's request to amend his claim of malicious prosecution against the Windham County State's Attorney, and his claim would fail for the same reason it fails against DSA Nevins. Accordingly, even if the court allowed this amendment, Plaintiff's claim would still fail, as either amendment would not survive a motion to dismiss. Therefore, Plaintiff's motion to amend the complaint must be denied as futile.

**III. Motion to Dismiss**

Defendants assert that both of Plaintiff's claims should be dismissed on various grounds. With respect to the malicious prosecution claim, Defendants argue that DSA Nevins is protected from this suit by absolute prosecutorial immunity. In the alternative, Defendants state that Plaintiff's claim for malicious prosecution would also fail because the underlying criminal proceeding has not terminated in Plaintiff's favor—criminal proceeding terminating in Plaintiff's being an integral element of a malicious prosecution claim.

With respect to the negligent supervision claim, Defendants argue that SAS has no duty to supervise deputy State's Attorneys, and as such Plaintiff's claim must be dismissed. Plaintiff agrees with the dismissal of his negligent supervision claim.[6] Plaintiff's "Sur Reply" at 3.

## A. Rule 12(b)(6) Standard

Defendant moves to dismiss Plaintiff's claims pursuant to V.R.C.P. 12(b)(6) on the basis that Plaintiff failed to state a claim upon which relief can be granted. To determine whether a complaint survives a motion to dismiss, the court assumes the factual allegations made by the nonmoving party in the complaint are true. *Colby v. Umbrella Inc.*, 2008 VT 20, ¶ 5, 184 Vt. 1. Conversely, the court "assume[s] that the movant's contravening assertions are false." *Id.* "Only when the factual allegations are viewed in this light, and the applicable legal standards still support a conclusion that the non-moving party cannot be granted the relief requested, is it appropriate to grant a dismissal request and foreclose a Plaintiff's right to a trial." *Village of Ludlow v. Guldi*, No. 21-ENV-00006, 2023 WL 3321559 at *3 (Vt. Super. Ct. Feb. 23, 2023) (Walsh, J.) (citing *Richards v. Town of Norwich*, 169 Vt. 44, 49 (1999). The court is limited to the allegations and facts as established in Plaintiff's complaint, from which the Court must make all reasonable inferences. *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶10, 209 Vt. 514. To the extent a party asserts "conclusory allegations or legal conclusions masquerading as factual conclusions," the Court is not required to accept those as true. *Rodrigue v. Illuzzi*, 2022 VT 9, ¶ 33, 216 Vt. 308 (quotation omitted). The court will only grant the motion if there are no facts or circumstances that would grant plaintiff relief. *Id.* This is because the purpose of a motion to dismiss for failure to state a claim is "to test the law of the claim, not the facts which support it." *Brigham v. State of Vermont*, 2005 VT 105, ¶ 11, 179 Vt. 525 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)).

Vermont has an "exceedingly low" threshold to survive a 12(b)(6) motion. *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.). Indeed, courts generally disfavor and rarely grant these motions. *Id.* However, despite the low threshold, a complaint must still meet a minimum standard of pleading. The plaintiff need not provide a specific and detailed statement of the facts in the complaint, but need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading … be simple, concise, and direct." *Colby*, 2008 VT 20, ¶ 10; V.R.C.P. 8(a), (e). *Colby* merely requires that a complaint contain factual allegations supporting each element of the claims asserted. *Colby*, 2008 VT 20, ¶10. Additionally, Rule 10(b) of Vermont Rules of Civil Procedure provides that "[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." V.R.C.P. 10(b). The main purpose of these rules is to give a defendant "fair notice of the claim and the grounds upon which it rests." *Molleur v. Leriche*, 142 Vt. 620, 622 (1983) (quotation omitted). For these reasons, a party seeking dismissal has a high burden

---

[6] Plaintiff's states in his "Sur Reply," "I agree this complaint [for negligent supervision] against the *Windham State Attorney* [sic] should be dismissed having no legal grounds in law." Plaintiff's "Sur Reply" at 3 (emphasis added). However, curiously, in the original complaint Plaintiff names SAS as the defendant, and in the accompanying affidavit, Plaintiff suggests that "Windham State [sic] Attorney and by extension [SAS]" is the party responsible for his malicious prosecution. See Complaint and Plaintiff's "Statement" at 1.

to show that they are entitled to such a ruling. *Bock*, 2008 VT 81, ¶ 4. Thus, the Court's task is to examine "[if] the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Bethel v. Mount Anthony Union High Sch. Dist.*, 173 Vt. 633, 634 (2002). (mem.) (quotations and alterations omitted).

Mr. Rivard is a pro se plaintiff, and though his unrepresented status does not exempt him from the ordinary operation of the civil rules, it does inform the court's duty to construe the pleadings "as to do substantial justice." V.R.C.P. 8(f). Nonetheless, the court "does not abuse its discretion when it enforces the rules of civil procedure equitably, even against a pro se litigant." *Bloomer v. Gibson*, 2006 VT 104, ¶ 14, 180 Vt. 397; *Nevitt v. Nevitt*, 155 Vt. 391, 401 (1990) ("Although we will not permit unfair advantage to be taken of one who acts as her own attorney, it is not the trial court's responsibility to offer affirmative help to a pro se litigant." (citing *Olde & Co. v. Boudreau*, 150 Vt. 321 (1988)).

## B. Analysis

*Absolute Immunity From Malicious Prosecution Under 42 U.S.C. § 1983*

A malicious prosecution claim can constitute a cause of action for deprivation of rights under the United States Constitution, pursuant to 42 U.S.C. § 1983. Section 1983 creates a private right of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. See *Howlett v. Rose*, 496 U.S. 356, 358 (1990) ("[42 U.S.C. § 1983] creates a remedy for violations of federal rights committed by persons acting under color of state law.").

Under section 1983, prosecutors are absolutely immune from civil lawsuits for acts undertaken within their quasi-judicial authority. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("We have not retreated … from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (A prosecutor "[i]s not amenable to suit [for damages] under § 1983."); *Imbler v. Pachtman*, 424 U.S. 409, 410, 430-31 (1976) ("[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution … is immune from a civil suit for damages under § 1983."); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005). The rationale for conferring immunity is to protect the "independence in the charging decision," and to serve the public trust by ensuring that prosecutors are not constrained in their decisions by fear of potential civil liability. *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992); *Warney v. Monroe County*, 587 F.3d 113, 126 (2d Cir. 2009).

Absolute immunity protects prosecutors from all acts, regardless of malicious motive or intent. *Levinsky v. Diamond*, 151 Vt. 178, 193–94 (1989); *Muzzy v. State*, 155 Vt. 279, 281 (1990) ("[The prosecutor's] motive for acting is not subject to inquiry in a private suit even if there is a claim of willful or malicious conduct" (quotation and citation omitted)). Plaintiff's complaint states,

*inter alia*, that DSA Nevins refused to charge Plaintiff's wife when she slapped Plaintiff and refused to prosecute cases where Plaintiff is victimized by the Brattleboro Police. Plaintiff's "Statement" at 3; Plaintiff's "Motion to Amend" at 4.  As alleged, DSA Nevins' prosecutorial conduct is well within a deputy state's attorney's quasi-judicial power.  DSA Nevins is, therefore, protected from this suit. See *Shmueli*, 424 F.3d at 237 ("Initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions.").  Accordingly, the claim under section 1983 raised against DSA Nevins for malicious prosecution is barred by absolute prosecutorial immunity.

*Absolute Immunity From Malicious Prosecution Under Vermont Law*

Under Vermont law, State's Attorneys enjoy "the same immunity for 'high executive officials' that their state counterpart, the Attorney General, enjoys for *conduct within the general authority of the office*." *O'Connor v. Donovan*, 2012 VT 27, ¶ 21, 191 Vt. 412 (emphasis supplied).  Deputy State's Attorneys "exercise all the powers and duties of the State's Attorneys except the power to designate someone to act in the event of their own disqualification." 24 V.S.A. § 363(c).  Pursuant to 24 V.S.A. § 361(a), a State's Attorney's general duties are to

> … prosecute for offenses committed within his or her county, and all matters and causes cognizable by the Supreme and Superior Courts on behalf of the State, file informations and prepare bills of indictment, deliver executions in favor of the State to an officer for collection immediately after final judgment, tak[e] duplicate receipts therefor, one of which shall be sent to the Commissioner of Finance and Management, and take measures to collect fines and other demands or sums of money due to the State or county.

Because, in the present case, prosecuting Plaintiff clearly constitutes an act within that *general authority of the office* of a State's Attorney, DSA Nevins has absolute immunity from this civil suit. Accordingly, Plaintiff's claim under Vermont law, to the extent that he brought such a claim, against DSA Nevins for malicious prosecution is, thus, also barred by absolute prosecutorial immunity. See *Cornelius v. Barrett-Hatch*, No. 2019-117, 2019 WL 3761430, at *3 (Vt. Aug. 7, 2019) ("The facts as set forth in plaintiff's complaint establish immunity as a matter of law, so the claim can be disposed of through a Rule 12(b)(6) motion to dismiss.") (footnote omitted).

*Failure to State a Claim of Malicious Prosecution*

Plaintiff's claim would be also subject to dismissal for failure to state a claim.  To prevail in a malicious prosecution claim, whether under Federal or Vermont law, Plaintiff must establish that (1) a proceeding was instituted without probable cause, (2) with malice, (3) proceeding terminated in plaintiff's favor, and (4) plaintiff suffered damages. See e.g., *Siliski v. Allstate Ins. Co.*, 174 Vt. 200, 203 (2002); *Anello v. Vinci*, 142 Vt. 583, 587 (1983); *Kent v. Katz*, 146 F.Supp.2d 450, 461 (D. Vt. 2001). Proceedings terminating in Plaintiff's favor is an essential element to show. *Anello*, 142 Vt at 587. See also 52 Am. Jur. 2d *Malicious Prosecution* § 14, at 195; 54 C.J.S. *Malicious Prosecution* § 379, at 1045.  A proceeding is only "terminated" in a plaintiff's favor for purposes of a malicious prosecution claim if it can be determined that the defendant is not guilty of wrongdoing. *Lay v. Pettengill*, 2011 VT 127, ¶

32, 191 Vt. 141, 160 ("[p]roceedings are 'terminated in favor of the accused' … only when their final disposition is such as to indicate the innocence of the accused" (internal quotation omitted). Here, Plaintiff has not alleged that any of the criminal cases he references, 1370-11-19 Wmcr or 20-CR-471, terminated in his favor. Accordingly, under either analysis, Plaintiff's claims for malicious prosecution cannot be maintained.

*Negligent Supervision*

Although Plaintiff states that his claim against SAS is for "fail[ed] … oversight," the court interprets Plaintiff's claim as one for negligent supervision. § 213 of the Restatement (Second) of Agency deals with negligent supervision and provides that

> [a] person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
>
> …
>
> (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
>
> (c) in the supervision of the activity; or
>
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

Restatement (Second) of Agency § 213. "[D]irect liability for negligent supervision of employees or agents constitutes an entirely separate and distinct type of liability from vicarious liability under respondeat superior." *Brueckner v. Norwich University*, 169 Vt. 118, 126 (1999) (citing *Mainella v. Staff Builders Indus. Servs., Inc.*, 608 A.2d 1141, 1145 (R.I. 1992). Pursuant to § 213, liability exists only if all the requirements of an action of tort for negligence exist. See *Brueckner*, 169 Vt. at 126–27 (quoting Restatement (Second) of Agency § 213 cmt. a.).

To present a prima facie case of negligence, Plaintiff would need to show that SAS has a duty to supervise DSA Nevins' prosecutorial activities. However, the court is aware of no authority supporting the existence of such a duty. With respect to State's Attorneys, or for that matter, deputy State's Attorneys, SAS provides "centralized support services … with respect to budgetary planning, training, and office management." 24 V.S.A. § 367(c)(1). And although pursuant to 24 V.S.A. § 363(b), SAS "fixes the pay" of deputy State's Attorneys, "with the approval of the Governor," State's Attorneys "retain the ultimate authority to hire and discharge employees." *In re Election Petitions*, 2016 VT 7, ¶ 9, 201 Vt. 123.

In any event, even if SAS had a duty to supervise deputy State's Attorneys, Plaintiff has failed to allege that SAS, in any way, breached that duty. Thus, given that SAS has no duty to

supervise DSA Nevins, Plaintiff fails to state a claim for negligent supervision against the Department, and Plaintiff's claim must be dismissed.

## Order

For the foregoing reasons, Plaintiff's motion to amend the complaint is DENIED and Defendants' motion to dismiss is GRANTED and Plaintiff's claims are dismissed.

**Signed electronically November 14, 2023 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**